697 So.2d 309 (1997)
Eunice DOANE
v.
WAL-MART DISCOUNT STORES, INC.
No. 96-CA-2716.
Court of Appeal of Louisiana, Fourth Circuit.
June 25, 1997.
*310 Norman Mopsik, William G. Legrand, Norman Mopsik & Law Associates, New Orleans, for Plaintiff/Appellee.
Thomas P. Anzelmo, Keith M. Matulich, Campbell, Mccranie, Sistrunk Anzelmo & Hardy, Metairie, for Defendant/Appellant.
Before SCHOTT, C.J., and BARRY and KLEES, JJ.
SCHOTT, Chief Judge.
Plaintiff was injured when she tripped over a speed bump in the parking lot of a store operated by defendant. After a bench trial, the court allocated sixty percent of the fault to defendant and forty percent to plaintiff and awarded plaintiff a net amount of $9,722.57. Defendant has appealed. The principal issue is whether the speed bump presented an unreasonable risk of harm under the circumstances. We reverse.
The facts are essentially undisputed. Plaintiff and a friend shopped at defendant's store around noon on a dry clear day in December. They left the store heading for plaintiff's automobile which was parked in the parking lot in front of them.
The parking lot typically consisted of a roadway in front of and parallel to the store providing access to a number of aisles where parking was available. Crossing the road in front of the store entrance was a pedestrian crosswalk. Fifty feet from this cross walk on both sides were speed bumps placed across the roadway. The boundaries of the roadway, diagonal stripes within the crosswalk, and the speed bumps were all painted yellow.
Plaintiff's automobile was parked to her left beyond the speed bump. She and her friend entered the cross walk but instead of crossing the roadway they made a left turn on the roadway and when they reached the speed bump plaintiff tripped on it and fell down. She admitted that she was not looking where she was going, but she was looking around at the traffic. Instead of taking this route she could have walked along the sidewalk between the roadway and the store and then crossed the roadway over to her car, or she could have crossed the roadway within the protected crosswalk and turned left, walking between the roadway and the aisles.
In reasons for judgment the trial judge found that the paint on the speed bumps was fading but they were obvious to a reasonable person. He recognized the need for the speed bumps even though they present a hazard to pedestrians and he noted that they are painted yellow in order to provide contrast with the surface of the road. However, he faulted defendant for painting the speed bumps the same yellow color as the stripes in the cross walk and other yellow lines in the parking lot. He found that painting the flat surfaces the same color as the raised speed bumps caused the paint on the speed bumps to lose its effectiveness as a warning device and that "shoppers are lulled into a false sense of security." He concluded that the "failure to differentiate the painted surface which was raised from the painted surface which was not raised constitutes negligence on the part of the defendant."
As to the plaintiff the trial judge found that a reasonable person seeing yellow markings would have been more careful than the plaintiff was and that she should have seen the speed bump. He also found that the path which plaintiff took to reach her automobile contributed to the accident.
This case was presented to the trial court and was decided on the basis of negligence. In Scroggins v. Sewerage & Water Bd. of New Orleans, 533 So.2d 132, 135 (La.App. 4th Cir.1988), this court restated the following applicable principles. To recover under a negligence theory the plaintiff had *311 to show that the speed bump presented an unreasonable risk of harm. The determination of what presents an unreasonable risk of harm involves a balancing of the probability and gravity of the harm presented by the risk against the social utility of the defendant's conduct or the thing involved. A defendant can be found liable only if the speed bump presented an unreasonable risk of harm to a reasonable and prudent person exercising ordinary care.
In the Scroggins case the court reviewed the judgment of the trial court following the manifest error rule. However, in Green v. City of Thibodaux, 671 So.2d 399 (La.App. 1st Cir.1995), writ denied 668 So.2d 366, the court held that the question of whether the defendant's conduct constituted an unreasonable risk of harm was a legal question for the reviewing court to decide without giving deference to the trial court. The Green court made a distinction between the trial court's factual findings which are reviewed under the manifest error rule and the trial court's application of those findings to the question of whether the conduct or thing presented an unreasonable risk of harm which is reviewed as a legal question.
Taking the Green court's approach to the instant case the question is whether, as a matter of law, painting this speed bump the same color as the stripes in the cross walk some fifty feet away presented an unreasonable risk of harm to the plaintiff who was not exercising ordinary care by looking where she was going. The answer is clear. No matter what color the speed bump was painted plaintiff would not have seen it so that its color could not constitute an unreasonable risk of harm for her.
For the benefit of a reviewing court the same result obtains if the trial court's judgment is reviewed under the manifest error rule. In the first place there is no testimony in the record, lay or expert, that painting speed bumps the same color as stripes, creates an unreasonable risk of harm. Plaintiff offered no design standards or studies to prove her theory that the use of the same color on the speed bump was unreasonably dangerous. All plaintiff proved was that the speed bump was there and she tripped on it, that she didn't see it because she was not looking where she was going. Like the plaintiff in Moncla v. Albertson's Inc., 670 So.2d 316 (La.App. 3rd Cir.1996), writ denied 671 So.2d 921, who also tripped on a speed bump in a parking lot, the plaintiff in the present case failed to prove her case.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of defendant, Wal-Mart Discount Stores, Inc., and against plaintiff, Eunice Doane, dismissing her suit at her cost.
REVERSED AND RENDERED.