JUDE G. GRAVOIS, Judge.
|2In this case concerning a trip and fall in a store parking lot, plaintiffs, Em-elda Mooty (“Mrs. Mooty”), her daughter, Patty Mooty Mattison (“Mrs. Matti-son”), and her granddaughter, Lynn Mooty Driscoll (“Mrs. Driscoll”), appeal a summary judgment granted in favor of Centre at Westbank L.L.C. and Federal Insurance Company (“the defendants”), dismissing plaintiffs’ claims with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL BACKGROUND

Mrs. Mooty, who was 93 years old at the time of the incident, alleged in her petition for damages that she tripped and fell in the parking lot of the “Linens and Things” store in Harvey, Louisiana, on July 2, 2008. She had accompanied her daughter, Mrs. Mattison, to the store to buy a wedding gift for her great-granddaughter. Mrs. Mooty, who normally used a walker, pushed a shopping cart for stability. After shopping and while returning to her daughter’s mini-van, Mrs. |sMooty alleged that she tripped over a “tire stop” that was located in the handicapped parking portion of the parking lot. She also alleged that the tire stop was a “tripping hazard” and dangerous because “unlike other brightly painted tire stops in the parking lot, the parking lot tire stop in question was unpainted and had protruding rebar or metal rods emerging from it,” thus making it difficult for a disabled elderly person like Mrs. Moody to see it, causing her to trip on it. Mrs. Mooty’s petition further alleged that her “shoe/foot was caught by a protruding metal rod emerging from the parking lot tire stop,” and that this protruding rebar was believed to be the proximate and factual cause of her fall, causing Mrs. Mooty to trip and fall onto the hard paved parking lot, injuring her.
After taking the depositions of Mrs. Mooty, Mrs. Mattison and Mrs. Driscoll, the defendants filed a motion for summary judgment, arguing that plaintiffs would be unable to prove at trial the existence of a hazard that made Mrs. Mooty fall. The defendants contended that at most, Mrs. Mooty speculated that she tripped on the tire stop, but in reality had no idea what caused her to fall. In the alternative, the defendants contended that even if the deposition testimony established that Mrs. Mooty tripped over the tire stop (which the defendants denied), the tire stop did not present an unreasonable risk of harm because it was an open and obvious condi *1064 tion that Mrs. Mooty acknowledged that she saw prior to entering the store.
The defendants supported their motion with the deposition testimony of Mrs. Mooty, Mrs. Mattison, and Mrs. Driscoll, who was not present during the incident but who arrived at the parking lot shortly afterwards. The defendants noted that Mrs. Mattison had a handicapped parking sticker on her vehicle that she used when she transported her mother, who was elderly, disabled, and had some vision problems. Mrs. Mattison parked her vehicle in the first handicapped parking space |4in the row, which was closest to the store’s entrance. Mrs. Mattison had backed her van into the spot. The driver’s door was closest to the store. She gave her mother a cart to push to aid her in walking.
Both Mrs. Mooty and Mrs. Mattisoris deposition testimony established that when they were leaving the store, Mrs. Mattison walked ahead of her mother and did not see what path her mother took in walking back to the vehicle, nor did she see her trip or fall.
In the defendants’ memorandum in support of their motion, Mrs. Moot/s deposition testimony is characterized as follows:
At deposition, Mooty explained that she was standing a few feet away from her daughter’s car and between the two rows of parking spaces when the fall occurred. Plaintiff stated that she was standing still with her shopping cart, waiting for her daughter’s assistance, when she fell. She could not explain how she came to trip and fall when standing still. Ms. Mooty did not try to step over the parking stop at any time. She did not see the parking stop before she fell. She was not distracted by anything at the time she fell. When specifically asked what caused her to fall, her response was that she had “tripped on something” but does not know what it was. She came to believe she had tripped over the parking stop because she overheard someone say that it must have been the parking stop or rebar that caused her to fall. (Cites to the deposition testimony omitted.)
The defendants called the court’s attention to photographs of the pai'king lot. They pointed out that the tire stops, though unpainted, are white in color, which contrasted to the gray and black of the pavement, and are thus easily visible.
Plaintiffs opposed the motion for summary judgment, arguing that the defendants breached their duty to Mrs. Mooty, an elderly and handicapped person, that genuine issues of material fact remained unresolved, and that the matter was not ripe for summary judgment because plaintiffs had not yet conducted their own discovery. Plaintiffs took the position that the same deposition testimony upon which the defendants relied on to support their motion actually showed that Mrs. Mooty tripped on the tire stop or the rebar protruding from the top of it. They also | .^supported their opposition with a report from an engineering and safety expert who opined that the tire stop in question did not conform to the requirements of the Americans with Disabilities Act (“the ADA”) in several ways. Plaintiffs also contended that a scratch or mark on Mrs. Moot/s shoe was caused when it became caught on the protruding rebar.
After the hearing and arguments by both counsel, the trial court ruled in favor of the defendants, finding that no evidence connected the tire stop or the rebar to Mrs. Mooty’s fall. Following a request for written reasons, the trial court issued the following:

REASONS FOR JUDGMENT

This matter came before the Court on April 30, 2010 for hearing on a motion *1065 for summary judgment filed by Centre at Westbank, L.L.C. and Federal Insurance Company. After reviewing the briefs submitted by the parties, hearing oral argument, and considering all evidence offered, the Court granted Defendants’ motion. On May 17, 2010, the Clerk of Court issued notice of signing of the judgment. On May 25, 2010, Plaintiffs filed a request for written reasons.
Plaintiff filed suit seeking damages for injuries she sustained after she fell in the parking lot of Linens and Things in Harvey, LA. It is undisputed that no one witnessed her fall. Plaintiff was shopping with her adult daughter. After leaving the store, the daughter provided Plaintiff with a shopping cart to assist her in walking to the car. The car was parked in the first handicap parking space in the row closest to the store’s entrance. The vehicle was backed into the parking spot so that the driver’s side door faced the shopping center. When deposed, Plaintiff testified that she was standing still with her shopping cart waiting for her daughter to assist her when she fell. She did not try to step over any parking stop at any time, and she did not see a parking stop before she fell.
Plaintiff pointed to one line in her deposition where plaintiff suggested that she “fell on a little strip of concrete.” However, considering plaintiffs deposition testimony in its entirety, it is undisputed that plaintiff does not know what caused her to fall. The one line presented by plaintiff is taken out of context. Plaintiff later explained, that she only believes she tripped on a strip of concrete because she “heard them taking about it.” As correctly noted by Defendants, Plaintiff repeatedly testified that she does not know why she fell.
| ^Plaintiff also argued that the unpainted tire stop and/or a small amount of rebar protruding from the parking stop created an unreasonable risk of harm. However, nothing links plaintiffs fall to the tire stop or the protruding rebar. Photographs offered into evidence show that the parking stop Plaintiff alleges she tripped on is actually the parking stop in front of the second parking place located in the handicapped zone. Moreover, the small amount of protruding rebar is on the end of the parking stop farthest away from the shopping center. In other words, plaintiff would have had to have been walking away from her daughter’s car to trip on the rebar. Plaintiff submitted no evidence to support this theory. The only evidence plaintiff offered to prove that she tripped on protruding rebar on the far side of the parking stop next to the parking stop behind her vehicle is her shoe. Plaintiff argued that a nondescript scratch on the top of her shoe supported her argument that she tripped on the rebar.
After considering all of the evidence, the Court found that plaintiff has no evidence to show that the parking stop in question caused her fall. Without such evidence, plaintiff will be unable to meet her burden at trial. Thus, the Court finds that summary judgment in favor of the defendants is appropriate as a matter of law.
On appeal, plaintiffs/appellants argue that: 1) the trial court erred in granting summary judgment because the evidence is sufficient to permit the fact finder to conclude that the defendants are liable under La. C.C. Art. 2317; 2) the trial court committed error by disregarding the Americans with Disabilities Act and the duty imposed on the defendants/appellees; 3) the trial court erroneously granted the defendants/appellees’ motion for summary *1066 judgment by disregarding well-settled Louisiana jurisprudence; 4) the trial court must allow the jury to decide genuine issues of material fact; instead, the judge decided to make this determination; and 5) the trial court erroneously found that adequate discovery had been fulfilled.

STANDARD OF REVIEW

A motion for summary judgment is properly granted only on a showing that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Tassin v. City of Westwego, 95-307 (La.App. 5 Cir. 12/13/95), 665 So.2d 1272. The initial burden of proof is with the |7mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. LSA-C.C.P. art. 966(C)(2); Callis v. Jefferson Parish Hosp. Service, Dist. # 1, 07-580, pp. 4-5 (La.App. 5 Cir. 12/27/07), 975 So.2d 641, 643.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored in the law. LSA-C.C.P. art. 966(A)(2); Robinson v. Jefferson Parish School Bd., 08-1224, p. 13 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043, writ denied, 09-1187 (La.9/18/09), 17 So.3d 975. Even though the summary judgment procedure is favored, it is not a substitute for trial on the merits. S.J. v. Lafayette Parish School Bd., 06-2862, p. 5 (La.6/29/07), 959 So.2d 884, 887 (per curiam).
A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Hines v. Garrett, 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (per curiam). A genuine issue is a “triable issue.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. If reasonable persons could disagree after considering the evidence, a genuine issue exists. However, if reasonable persons could reach only one conclusion on the state of the evidence, there is no need for a trial on that issue and summary judgment is appropriate. Id.; Alwell v. Meadowcrest Hosp., Inc., 07-376, p. 4 (La.App. 5 Cir. 10/30/07), 971 So.2d 411, 414. “In determining whether an issue is ‘genuine,’ courts cannot consider the merits, make | ^credibility determinations, evaluate testimony or weigh evidence.” Smith, 93-2512 at 27; 639 So.2d at 751.
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Matthews v. Banner, 08-339 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163.

DISCUSSION

In Bourquard v. Winn Dixie Louisiana, Inc., 04-1150 (La.App. 5 Cir. 3/1/05), 900 So.2d 131, 135, this Court defined the relevant law as follows:
Two theories of liability are available in Louisiana to a plaintiff claiming injury caused by a thing’s condition. The first theory is negligence, under Articles 2315 and 2316 of the Louisiana Civil Code, and the second theory is strict liability *1067 under Article 2817 of the Louisiana Civil Code. Under both theories, the plaintiff has the burden of proving that the thing’s condition presented an unreasonable risk of harm, or was defective, and that this condition was a cause-in-fact of the plaintiffs injuries. Both theories employ the duty-risk analysis on a case by case basis. The plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, that the defendant owed a duty of care to the plaintiff, that the requisite duty was breached by the defendant, and that the risk of the harm was within the scope of the protection afforded by the duty breached. [Citations omitted.]
(citing Scramuzza v. River Oaks Inc., 03-959, pp. 9-10 (La.App. 5 Cir. 3/30/04), 871 So.2d 522, 529, writ denied, 04-1088, 876 So.2d 839 (La.6/25/04)).
As shown above in its written Reasons for Judgment, the trial court found that plaintiffs failed to prove the essential first element of the duty-risk analysis, which is causation. The trial court found that based upon the deposition testimony, | ;)plaintiffs would be unable to show at trial that Mrs. Mooty tripped as a result of encountering the tire stop; in other words, Mrs. Mooty’s deposition testimony failed to show that the tire stop or the rebar was related to her fall.
Plaintiffs argue that the trial court’s conclusion that plaintiffs cannot prove causation is erroneous because the trial court took certain statements of Mrs. Mooty’s deposition testimony out of context. Plaintiffs relied on B our guard, supra, in support of their position that it is inappropriate for the trial court on summary judgment to rule on causation and whether a hazard is unreasonably dangerous. Plaintiffs argue that the trial court completely ignored the physical evidence (the protruding rebar, the unpainted tire stop), as well as Mrs. Mooty’s testimony as to the totality of the circumstances involved in her trip and fall.
We find no merit to plaintiffs’ contention that the trial court took certain deposition statements of Mrs. Mooty out of context. We find that the deposition testimony of Mrs. Mooty is clearly and fairly characterized in the trial court’s written Reasons for Judgment. We additionally note that on a photograph of the parking spot in question, Mrs. Mattison provided a diagram of where she found her mother on the ground after she fell. Mrs. Mattison’s placement of Mrs. Mooty immediately after her fall in the photograph supports the trial court’s finding that Mrs. Mooty did not trip as a result of encountering the tire stop in the parking lot.
We find plaintiffs’ reliance on the Bowr-quard case is misplaced. In that case, the plaintiffs own detailed deposition testimony provided evidence that her shoe got caught in an expansion joint in the sidewalk in the front of the store, and further supported the conclusion that genuine issues of material fact remained as to whether a defect in the expansion joint was the cause-in-fact of the plaintiffs fall and whether the condition of the joint created a risk of unreasonable harm, thus precluding summary judgment.
[inIn the instant case, however, Mrs. Mooty’s deposition testimony is much weaker. She clearly stated that she did not know what caused her to fall (“I tripped on something, but I don’t know what it is.” “I don’t know why I fell.” “I believe I caught on something and it tripped me.”). In response to a direct question, she unequivocally denied trying to step over the tire stop (“No. I wasn’t a fool trying that.”). When asked what made her think that she tripped over the “big piece of cement,” she replied: “Because I heard them talking about it. They *1068 said that’s where it looked liked she tripped.” Thus, neither Mrs. Mooty’s testimony nor that of Mrs. Mattison creates a genuine issue of material fact as to whether the tire stop caused Mrs. Moody to fall.
Because we find that Mrs. Mooty has failed to show that the fee stop is related to her fall, this court need not reach the remainder of plaintiffs’ assignments of error. In particular, whether the tire stop complied with the ADA is of no moment given the fact that plaintiffs cannot show that the tire stop in question caused Mrs. Mooty’s fall.
Plaintiffs further argue that summary judgment was inappropriate herein because adequate discovery has not yet been completed. Plaintiffs argue that they should be allowed time to conduct additional discovery, including the taking of depositions of representatives of defendants. Given the fact that the depositions of plaintiffs themselves have failed to establish causation, further discovery, in particular depositions of representatives of defendants who were not witnesses to the incident, would not cure the defects in plaintiffs’ case. Thus, we find that the matter was ripe for summary judgment and accordingly affirm the trial court’s grant of summary judgment herein.
| ..CONCLUSION
For the reasons assigned, we affirm the trial court’s grant of summary judgment in favor of the defendants that dismissed plaintiffs’ case with prejudice. Costs of appeal are assessed to plaintiffs.

AFFIRMED