EDWIN A. LOMBARD, Judge.
_jjThe plaintiffs appeal the judgment of the trial court granting summary judgment in favor of the defendants. After a de novo review of the evidence in light of the relevant law, we affirm the trial court’s judgment.
*542 Relevant Facts and Procedural History
On Christmas evening of 2006, Mrs. La-bit delivered a gift and a meal to her daughter, Ms. Dinah Letellier, an employee of The Palms Casino & Truck Stop, Inc. (“the Palms Casino”) in St. Bernard Parish. She was driven to the Palms Casino in a 2000 Nissan Quest van by her daughter, Ms. Yvonne Brown; Mrs. Labit’s husband, now deceased, accompanied them.[1] Ms. Brown pulled into a handicapped parking stall, but did not park squarely within the blue marked lines and, thus left approximately twenty-four (24) inches of the wheel stop in front of her van exposed on the right. The handicapped parking space in which she parked was to the right of the marked ramp/rise/walkway to gain entrance to the sidewalks leading to the Palms Casino.
Upon their return to the van, Mrs. Labit fell on the passenger side of the vehicle. Ms. Brown, however, was entering the driver’s side of the vehicle and did |2not see her mother fall. As Mrs. Brown was opening her car door, Mrs. Labit fell on the wheel stop on the opposite side of the van. Subsequently in her deposition testimony, Mrs. Labit conceded that, although she had no trouble seeing the ground because of the lighting conditions, she was unsure of what caused the fall. Although she assumed it was because of the wheel stop because “they” told her so, no eyewitnesses came forward to testify as to whether the accident was caused by the wheel stop.
Mrs. Labit and her husband, Hayes La-bit,[2] filed this personal injury action against the Palms Casino; the landowner, J & R Amusement Co., Inc. (“J & R Amusement”); and the subcontractor responsible for renovating the casino parking lot after Hurricane Katrina, Delmas Bo-sarge d/b/a Bosarge Striping Service (“Mr. Bosarge”). The plaintiffs allege that the defendants were negligent in: a) failing to provide sufficient lighting to illuminate the presence of the wheel stop in question; b) failing to paint or mark the wheel stop so that its presence would be visible to handicapped pedestrians; c) failing to otherwise warn handicapped persons that the wheel stop presented a tripping hazard; d) improperly placing a wheel stop in the handicapped parking space in question; and e) failing to remove the wheel stop or warn handicapped pedestrians of its presence after becoming aware of previous tripping incidents.[3]
|sAfter taking the depositions of Mrs. Labit, Mr. Bosarge, Darryl Eckert (the project manager for J & R Amusement), and Ms. Brown, each defendant filed a motion for summary judgment.
On July 28, 2011, the plaintiffs and the defendant, the Palms Casino, filed a joint motion for hearing on August 18, 2011 to be submitted on the record, without oral argument. On September 9, 2011, the trial court granted the motions for summary judgment in favor of all the defendants. The plaintiffs appeal.
Applicable Law
Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together *543 with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. Art. 966(B). The initial burden of producing evidence at the hearing on the motion for summary judgment is on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. Schultz v. Guoth, 10-0343, p. 6 (La.1/19/11), 57 So.3d 1002, 1006, citing Samaha v. Rau, 07-1726, p. 4 (La.2/26/08), 977 So.2d 880, 883. “At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates that he or she will be able to meet the burden at trial.... Once the motion for summary judgment has been supported by the moving party, the failure of the non-moving party to produce evidence of material factual dispute mandates the granting of the motion.” Id.; (citations omitted).
The threshold issue in any negligence action is whether the defendant owed |4the plaintiff a duty. Lemann v. Essen Lane Daiquiris, Inc., 05-1095, p. 8 (La.3/10/06), 923 So.2d 627, 633 (citations omitted). Whether a duty is owed is a question of law. Id. (citations omitted). As a general rule, the owner or occupier of land has a duty to keep the property in a reasonably safe condition. Pryor v. Iberia Parish School Bd., 10-1683, p. 3 (La.3/15/11), 60 So.3d 594, 596. This includes a duty to discover any unreasonably dangerous conditions on the premises and either correct the condition or warn potential victims of its existence. McCloud v. Housing Authority of New Orleans, 08-0094, p. 3 (La.App. 4 Cir. 6/11/08), 987 So.2d 360, 363.
There are two theories of liability available to a plaintiff who claims she was injured as a result of the condition of a thing: negligence, under Louisiana Civil Code Articles 2315 and 2316, and strict liability, under Louisiana Code Articles 2317 and 2317.1. Under both theories of liability, a plaintiff must prove that the condition of the thing presented an unreasonable risk of harm, or was defective, and that this condition of the thing was a cause-in-fact of her injuries. McCloud v. Housing Authority of New Orleans, 08-0094, p. 3, 987 So.2d 360 at 362.
“A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.” Samaha v. Rau, 07-1726, pp. 3-4, 977 So.2d at 882-83. Discussion
On appeal, the plaintiffs assign as error (1) the trial court erred when it dismissed the plaintiffs’ claims against J & R Amusement; (2) the trial court erred when it dismissed the plaintiffs’ claims against the Palms Casino; and (3) the trial court erred |fiwhen it dismissed the plaintiffs’ claims against Mr. Bosarge.

J & R Amusement’s Motion for Summary Judgment against the Plaintiffs

J & R Amusement asserts that it is entitled to judgment as a matter of law because the plaintiffs will be unable to meet their burden of proof at trial as the conditions at issue were not unreasonably dangerous, and even if they were, J & R Amusement had no notice that said conditions were unreasonably dangerous or defective. In support of its motion, J & R Amusement submits (1) the deposition testimony of Mr. Eckert stating that J & R Amusement relied on the expertise of Mr. *544 Bosarge to properly reconstruct the parking lot and to notify J & R Amusement should any part of the lot fail to meet the applicable safety standards; (2) the deposition of Mr. Bosarge, who testified that he would not have expected the owner (J & R Amusement) to know if there was anything unreasonably dangerous about having an unpainted wheel stop; (3) the deposition testimony of Ms. Brown stating that she did not park squarely within the parking stall; and (4) the affidavit of Mr. Eckert attesting that numerous parking lots in St. Bernard Parish contain unpainted wheel stops in configurations similar to J & R Amusement’s property.
In opposition to J & R Amusement’s motion for summary judgment, the plaintiffs assert summary judgment is inappropriate because genuine issues of material fact exist as to whether the wheel stop was unreasonably dangerous, specifically: (1) whether J & R Amusement owed a duty to the plaintiffs to paint the wheel stop or use a bollard; and (2) whether the wheel stop should have been obvious to Mrs. Labit. In support of their opposition, the plaintiffs submit (1) the deposition testimony of Ms. Brown stating that Mrs. Labit had been to the Palms Casino “a couple times” before the accident and when they arrived at the Palms (r,Casino it was getting dark; (2) the deposition of Mrs. Labit testifying that she had been to the Palms Casino before the accident; (3) the deposition Mr. Bosarge testifying that it was his personal preference to paint a wheel stop in a location where there may be some pedestrian traffic, that painting one wheel stop would have cost $6.00, and that with respect to whether or not the wheel stop could create a dangerous condition, there were other factors involved in this particular instance, including the lighting; (4) the deposition of Charles Bienvenu, the corporate president of J & R Amusement and the Palms Casino, testifying that the parking lot at the Palms Casino was the same before and after Hurricane Katrina; (5) excerpts from Touro medical records; and (6) the affidavit of Mike Deharde, a registered professional engineer in Louisiana, with attached photographs of the wheel stop at issue.
In reply to the plaintiffs’ opposition to the motion for summary judgment, J & R Amusement asserts that summary judgment is appropriate because the condition is not an unreasonable risk based upon common application and there was no reason for J & R Amusement to have known that this common application represents an unreasonable dangerous condition. In support, J & R Amusement submits (1) the deposition of Mrs. Labit stating that she did not recall seeing the wheel stop, but she believed that the “something” she tripped on was the wheel stop based on what she was told by others; (2) the deposition testimony of Mr. Eckert, who states that he relied on the knowledge and expertise of a traffic engineer to ensure compliance with all applicable safety standards; and (3) the deposition testimony of Mr. Bosarge stating that he never raised any safety issues regarding the failure to paint the wheel stops and would not have expected J & R Amusement to have known that a safety issue existed.
| ./Throughout its pleadings, J & R Amusement uses the term, “unreasonably dangerous,” a term of art for products liability cases. However, the proper standard for negligence cases, such as the case at bar, is “unreasonable risk of harm.” We also note that the terms, “unreasonably dangerous” and “unreasonable risk of harm” have been used interchangeably in caselaw, resulting in the intertwining and overlapping of the standards. See McCloud v. Housing Authority of New Orleans, 08-0094 (La.App. 4 Cir. 6/11/08), 987 So.2d 360; see also Eisenhardt v. Snook, 08-1287 (La.3/17/09), 8 So.3d 541 *545 (slip and fall negligence action was characterized as a premises liability action using the standard of “unreasonably dangerous”). However, for the purposes of our analysis, we will be using the standard “unreasonable risk of harm.”
Once J & R Amusement pointed out there is an absence of factual support for one or more elements to the plaintiffs’ claim, the burden shifted to the plaintiffs to produce factual support sufficient to establish that a genuine issue of material fact exists and that summary judgment is not appropriate. La.Code Civ. Proc. Art. 966(C)(2); Greenhouse v. C.F. Kenner Associates Ltd. P’ship, 98-0496 (La.App. 4 Cir. 11/10/98), 728 So.2d 1004, 1007. Thus, in this ease, the plaintiffs needed to submit competent evidence to prove that (1) the unpainted wheel stop in the parking lot was a defect; and (2) J & R Amusement knew or should have known that this condition posed an unreasonable risk of harm to a reasonable and prudent person exercising ordinary care, such as expert testimony stating that unpainted wheel stops are an unreasonable risk of harm and not in line with applicable building codes and industry standards and/or records indicating a history of accidents due to unpainted wheel stops. The plaintiffs, however, only point to the testimony of Mr. Bosarge stating that it is his personal preference to paint wheel |8stops. Clearly, the “preference,” even of an expert, does not constitute evidence that a condition creates an unreasonable risk of harm. Because the plaintiffs failed to introduce the necessary evidence that there is a genuine issue of material fact, J & R Amusement is entitled to summary judgment as a matter of law.

The Palms Casino and Truck Stop, Inc.’s Motion for Summary Judgment against the Plaintiffs

The Palms Casino asserts that, because the plaintiffs will not be able to produce factual support sufficient to satisfy their evidentiary burden of proof at trial to show that the wheel stop was in any way defective, nor will they be able to prove that the Palms Casino knew or should have known of such a defect, if one did exist, the Palms Casino is entitled to judgment as a matter of law. In support of their motion, the Palms Casino submits the affidavit of Fred Vanderbrook, an engineer licensed in Louisiana, attesting that there is no building code or other Louisiana requirement that requires wheel stops to be painted and that the Palms Casino’s wheel stops met all building requirements, including all state and local building codes.
In opposition to the Palms Casino’s motion for summary judgment, the plaintiffs argue that the affidavit containing an opinion does not resolve a disputed issue of material fact and the Palms Casino offers no evidence other than an affidavit of an engineer whose credentials on the issue of the applicable standards are not established. Further, the plaintiffs aver that the fact that a condition does not violate a building code or standard does not ipso facto render it “safe.” Thus, the plaintiffs argue that a genuine issue of material facts exists as to whether or not the wheel stop was unreasonably dangerous, making summary judgment inappropriate. In support of these allegations, the plaintiffs submit only deposition | testimony that the Palms Casino did not have a formal lease but paid rent to J & R Amusement.
In reply, the Palms Casino reiterates that no legal requirement to paint a wheel stop exists and the plaintiffs cannot meet their burden of proving negligence or that the Palms Casino knew or should have known of any dangerous condition.
Pursuant to Louisiana Code of Civil Procedure article 967(B), an adverse party may not rest on mere allegations or deni- *546 ais in his pleading in response to a properly made and supported motion for summary judgment, but must come forward, by affidavits or otherwise, with specific facts showing a genuine issue for trial. Contrary to what the plaintiffs argue, it is not the burden of the Palms Casino to establish that the unpainted wheel stop was safe; instead, it is the burden of the plaintiffs to show that the unpainted wheel stop posed an unreasonable risk of harm. Thus, it was incumbent on the plaintiffs to introduce some competent evidence, such as expert testimony, that unpainted wheel stops violate a building code or that unpainted wheel stops present an unreasonable risk of harm. However, the plaintiffs did not produce any testimony, lay or expert, that unpainted wheel stops create a hazardous condition. Further, the plaintiffs offer no design standards or studies to prove their theory that unpainted wheel stops create an unreasonable risk of harm. See Doane v. Wal-Mart Discount Stores, Inc., 96-2716, (La.App. 4 Cir. 6/25/97), 697 So.2d 309 (Summary judgment was appropriate where (1) there was no testimony in the record, lay, or expert, that painting speed bumps the same color as stripes, creates an unreasonable risk of harm; and (2) the plaintiff offered no design standards or studies to prove her theory that the use of the same color on the speed bump was unreasonably dangerous). Moreover, Mrs. Labit’s deposition testimony indicates that she does not know what she tripped on. See Mooty v. Centre at Westbank L.L.C, 10-792 (La.App. 5 Cir. 3/29/11), 63 So.3d 1062 (“whether the tire stop complied with the ADA is of no moment given the fact that the plaintiffs cannot show that the tire stop in question caused the plaintiffs fall”). Accordingly, the Palms Casino is entitled to judgment as a matter of law.

Delmas Bosarge’s Motion for Summary Judgment against the Plaintiffs

Mr. Bosarge asserts that he is entitled to summary judgment because the plaintiffs’ allegations against him are beyond the scope of the contract he had with J & R Amusement and the plaintiffs will be unable to prove at trial that he owes a duty to the plaintiffs to provide services, such as painting the wheel stops, which was not requested by J & R Amusement. Mr. Bosarge contends that he was asked to simply restore the parking lot to its pre-Katrina condition, and that he was never asked to perform any other activities. Further, Mr. Bosarge avers that there is no evidence in the record that an unpainted wheel stop constitutes a defect. In support of his motion, Mr. Bosarge submits (1) his deposition testimony that he has been a traffic engineer with Jefferson Parish for eighteen years and there are no building code requirements that wheel stops be painted; (2) the deposition testimony of Mr. Eckert, who has an extensive background in construction, stating that he hired Mr. Bosarge to restripe the Palms Casino’s parking lot to “duplicate what was there” before Hurricane Katrina, that he did not speak with Mr. Bosarge until the work was completed and that he was satisfied with Mr. Bosarge’s work; and (3) the copy of the “Plaintiffs’ Responses to Written Discovery Interrogatories to Lillie La-bit.”
Inin opposition to Mr. Bosarge’s motion for summary judgment,[4] the plañí- *547 tiffs assert that Mr. Bosarge is not entitled to summary judgment because Mr, Bo-sarge had a duty to inform J & R Amusement that unpainted wheel stops were hazardous and, further, his failure to inform was a breach of his duty to third parties, such as Mrs. Labit. In support of its opposition, the plaintiffs submit (1) the deposition testimony of Mr. Bosarge stating that he believes that wheel stops “in likely pedestrian pathways should be painted because otherwise pedestrians may trip on them,” and that painting the wheel stops would have made them more noticeable; (2) the deposition testimony of Mr. Eckert stating that he hires subcontractors for their expertise and thus, relies on their expertise to inform him of how to complete a job safely and correctly; (3) the affidavit and attached report of David Hall, the plaintiffs’ expert in traffic engineering, who attests that, in his opinion, the wheel stop should have been painted yellow.
In reply, Mr. Bosarge asserts that the plaintiffs’ opposition memorandum is “totally inapposite to the present facts herein,” and, therefore, the plaintiffs have failed to show any breach of duty by Mr. Bosarge or any other defendant. Mr. Bo-sarge asserts that the wheel stop was unpainted before Katrina and his restriping |12of the parking lot left the wheel stop unaffected and, thus, he did not create a defect. Moreover, he points out that the plaintiffs have submitted no evidence that an unpainted wheel stop constitutes a defect. He further contends that he was hired to restripe the parking lot and return it to its pre-Katrina status and there is no evidence to show that he was hired to perform any traffic engineering duties. Finally, he avers that the plaintiffs’ argument that a painted wheel stop provides a greater contrast than an unpainted one is a statement of the obvious, requiring no expertise, especially to those involved in the construction trades.
While Mr. Bosarge is correct in his assertion that there is no legal requirement that a contractor owes a duty to a third-party to provide services which are not requested by the customer, a contractor does owe third parties a duty to exercise ordinary care and refrain from creating hazardous conditions in the fulfillment of its contractual obligations. Lyncker v. Design Engineering, Inc., 2007-1522, p. 3 (La.App. 4 Cir. 6/25/08) 988 So.2d 812, 814. But, as Mr. Bosarge points out, the plaintiffs’ have failed to submit factual support for the essential element in their case, that the unpainted wheel stop created a hazardous condition. Mr. Hall’s opinion, like Mr. Bosarge’s personal preference, does not constitute evidence that an unpainted wheel stop is a hazardous condition. Thus, because the plaintiffs have failed to come forward with any evidence that an unpainted wheel stop creates a hazardous condition, Mr. Bosarge is entitled to summary *548 judgment as a matter of law. See La.Code Civ. Proc. art. 966; see also Doane, supra; Mooty, supra.
Conclusion
Upon de novo review, we find no genuine issue of material fact exists. Accordingly, the motions for summary judgment granted in favor of defendants, |iaJ & R Amusement Co., Inc., Delmas Bosarge, and The Palms Casino and Truck Stop, Inc. are affirmed.
AFFIRMED.
TOBIAS, J., dissents in part and assigns reasons.

. There is no deposition testimony in the record of Mr. Labit.

. Mr. Labit died on December 25, 2008, and pursuant to La. Civ.Code Art. 2315.1(a)(1), Lillie Labit, Joann Watson, Yvonne Brown, and Diana Greer inherited Mr. Labit's cause of action against the defendants upon his death. Notably, Dinah Letellier, the daughter Mrs. Labit went to visit at the Palms Casino, is not a plaintiff in this suit.

.The plaintiffs did not produce any evidence to indicate a history of previous tripping incidents.

. J & R Amusement also filed an opposition to Mr. Bosarge's motion, asserting that the wheel stop at issue was not an unreasonably dangerous condition but, in the event that the court finds an unpainted wheel stop may be an unreasonably dangerous condition, it opposes Mr. Bosarge's motion on the grounds that Mr. Bosarge may be liable for the creation of the unreasonably dangerous condition and failed to warn J & R Amusement of *547 said hazard. In support of its opposition, J & R Amusement submits (1) the deposition testimony of Mr. Eckert stating that he hires subcontractors for their expertise and thus, relies on their expertise to inform him of how to complete the job safely and correctly; (2) the deposition testimony of Mr. Bosarge stating that, upon completion of his work on the parking lot, he did not find any defects; he agrees that the unpainted wheel stop is not in an unreasonably dangerous or defective condition and, if the unpainted wheel stop was a defect, he would not have expected the owner to have been aware of it; and (3) a copy of the proposal and contract as submitted by Mr. Bosarge to Mr. Eckert indicating the project, scope of work, and pricing for the parking lot. Because the plaintiffs fail to come forward with any evidence that the unpainted wheel stop created an unreasonable risk of harm, we pretermit further discussion of J & R Amusement’s opposition to Mr. Bosarge’s motion for summary.