# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2020

No. 19-30649

Lyle W. Cayce
Clerk

ELIZABETH THIBODEAUX, Individually and on behalf of her minor child A.G.; JOEY GATTARELLO, on behalf of his minor child A.G.,

     Plaintiffs - Appellants

v.

HOME DEPOT USA, INCORPORATED,

     Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CV-1633

Before DENNIS, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

A mother and daughter were walking through a Home Depot parking lot. The mother tripped over the wheel stop at one of the parking spaces and was severely injured. She and others sued the store, but the district court granted summary judgment to the defendant.

We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30649

## FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of September 1, 2016, plaintiff Elizabeth Thibodeaux and her daughter, Angelina Gattarello, drove to a Home Depot in Lafayette, Louisiana, to return a purchase. It was a clear day. In the Home Depot parking lot, Thibodeaux pulled through one parking space and parked in the one on the opposite side. Thibodeaux stated she chose that spot because it was adjacent to a handicap space with a wide access aisle that would allow her more easily to remove the boxed item she would carry into the store and return.

Neither the parking spot Thibodeaux entered first and drove through nor the opposite one where she parked had a wheel stop, which is the low barrier of concrete or other material placed at the head of a parking space that prevents a vehicle from being driven too far forward in the space. The neighboring handicap spot, though, had a wheel stop. The yellow-painted wheel stop was six feet and nine inches long. The plaintiffs' expert prepared an incident report and in it asserted that this size was nine inches longer than what experts recommend for wheel stops. The expert also explained that this wheel stop was displaced by a few inches from its normal position.

The item Thibodeaux was going to return was in the trunk of her car. She got it out of the trunk and began carrying it in front of her. She almost immediately tripped on the wheel stop that was next to her parking spot. Thibodeaux suffered a traumatic brain injury, knee injuries, and back injuries.

Thibodeaux, individually and on behalf of her daughter, along with the girl's father on the daughter's behalf, filed suit against Home Depot, U.S.A., Inc., in Louisiana state court. Home Depot removed the case to the United States District Court for the Western District of Louisiana. Over a year later, the defendant moved for summary judgment. At the end of a hearing on the motion, the court explained why it would grant the motion and dismiss the plaintiffs' claims. The court held that "the existence of wheel stops in the

No. 19-30649

parking lot in general, as a general matter and also this specific wheel stop, its dimensions, its color, et cetera, the wheel stop at issue in this case did not present an unreasonable risk of harm." The court also held "the wheel stop, as a matter of law, is not defective, does not present an unreasonable risk of harm, and certainly not one that was causally related to this accident." Finally, the court held that the "wheel stop in its condition and its existence was an open and obvious condition."

The district court entered judgment, and the plaintiffs timely appealed.

## DISCUSSION

We review a summary judgment *de novo*, applying the same standard as the district court. *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010). A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Here, we apply the substantive law of Louisiana, the forum state. *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 387 (5th Cir. 2012).

The plaintiffs sued Home Depot under the Louisiana Merchant Liability Act. The Act imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." LA. REV. STAT. ANN. § 9:2800.6(A). A person injured on the merchant's premises must prove the following, in addition to any other elements of the claim:

> (1) The condition presented an unreasonable risk of harm to the claimant and the risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care.

LA. REV. STAT. ANN. § 9:2800.6(B).

3

No. 19-30649

For the first element, a condition does not present an unreasonable risk of harm when it is an open and obvious risk. *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238 (La. 4/5/13); 113 So. 3d 175, 184. The open-and-obvious inquiry is objective, looking to whether the condition is obvious to all who may encounter it and not to whether the plaintiff had actual knowledge of the condition. *Id.* "The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, and whether a duty is owed is question of law." *Bufkin v. Felipe's La., LLC*, 14-0288 (La. 10/15/14); 171 So. 3d 851, 855. Summary judgment is warranted "when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." *Id.* at 859 n.3. Therefore, whether Thibodeaux saw the wheel stop when she was carrying the box is not relevant to the inquiry.

Easily visible obstacles are open and obvious risks of harm. *Rodriguez v. Dolgencorp, LLC*, 14-1725 (La. 11/14/14); 152 So. 3d 871, 872. One state appellate court indicated a limitation by holding that "the ability to view the condition is not dispositive of the 'open and obvious to all' inquiry; rather, it is a question of the expectation of those encountering the condition." *Tramuta v. Lakeside Plaza, L.L.C.*, 14-410 (La. App. 5 Cir. 2/25/15); 168 So. 3d 775, 783.

Several courts have found wheel stops to be open and obvious risks of harm. For example, a district court within our circuit found an unpainted but well-maintained wheel stop to be an open and obvious risk. *Standifer v. Circle K Stores, Inc.*, No. 14-2431, 2015 WL 245248, at *4 (W.D. La. May 21, 2015). A Louisiana appellate court also found an unpainted wheel stop was not an unreasonable risk of harm, even when the plaintiff tripped in poor lighting. *Labit v. Palms Casino & Truck Stop, Inc.*, 11-1552 (La. App. 4. Cir. 5/9/12); 91 So. 3d 540, 542, 545.

On the other hand, in *Tramuta*, the state appellate court found genuine factual questions about whether the wheel stop, coupled with a nearby step,

No. 19-30649

created an unreasonable risk of harm. 168 So. 3d at 783. There, the parking spots were perpendicular to a raised walkway to a shopping center. *Id.* at 777. The parking spots had wheel stops that were parallel to the walkway. *Id.* Over time, soil subsidence under the parking lot expanded the difference in height between the ground and the walkway. *Id.* In an effort to remedy that, the shopping center added a step alongside the walkway to allow people to take two small steps down instead of one. *Id.* The added step meant there was much less space between the wheel stops and the walkway, *id.*, such that a person's foot could get caught between the two, *id.* at 781. Moreover, the wheel stop was painted yellow, but the added step was not and visually blended into the higher walkway. The appellate court held these facts left genuine disputes of material fact as to whether the hazard was open and obvious. *Id.* at 782.

Here, Thibodeaux was injured when she tripped on the wheel stop in the parking spot adjacent to her car. It was daytime, and the wheel stop was painted yellow and did not blend visually with the ground, both facts being distinctions from those in *Tramuta*. The plaintiffs argue that their expert's testimony that this wheel stop was wider than the norm leaves a fact question about the obviousness of the hazard. The plaintiffs also ask us to create a rule that wheel stops do not pose unreasonable risks when they are in convenience store parking lots but do when they are in parking lots of stores that sell many large items, like Home Depot. We examine these proposed distinctions.

Surfaces, such as curbs and sidewalks, are often irregular, as the Louisiana Supreme Court has recognized. *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La. 3/4/98); 708 So. 2d 362, 363. "These surfaces are not required to be smooth and lacking in deviations, and indeed, such a requirement would be impossible to meet." *Id.* As one Louisiana appellate court emphasized, "the ability to discern the specific measurements of the differences . . . is not the legal definition of 'open and obvious.'" *Taylor v. Chipotle Mexican Grill, Inc.*,

No. 19-30649

18-238 (La. App. 5 Cir. 12/27/18); 263 So. 3d 910, 917. Applying that principle, we conclude that even if the wheel stop were longer than the norm or was displaced by a few inches, it still presented an open and obvious risk because it was highly visible. Further, in response to a proposed distinction in the responsibilities of merchants based on the bulkiness of what customers might be carrying, we are convinced that there are many hazards that individuals walking with large packages blocking their vision might not see, far more than just wheel stops. We see nothing in the Louisiana caselaw to allow creation of any exception to open-and-obvious principles based on that consideration.

AFFIRMED.