In addressing a prematurity claim, this court has identified the following five factors to be considered:
• Whether the party was ready to go to trial;
*379 • Whether the party indicated what additional discovery was needed;
• Whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it;
• Whether the discovery issue was raised in the trial court before the entry of the summary judgment; and• Whether discovery has been hindered by a circumstance beyond an opponent's control.
Schultz , 17-0165 at p. 8 (La. App. 4 Cir. 1/31/18), --- So.3d at ----, 2018 WL 651372 at *4 ; Roadrunner Transp. , 17-0040 at p. 14, 219 So.3d at 1274 ; Bass P'ship v. Fortmayer , 04-1438, p. 10 (La. App. 4 Cir. 3/9/05), 899 So.2d 68, 75 (citing Greenhouse v. C.F. Kenner Assocs. Ltd. P'ship , 98-0496, p. 3 (La. App. 4 Cir. 11/10/98), 723 So.2d 1004, 1006 ).
The first factor is premised on the fact that in a civil case a party generally certifies, as a prerequisite to setting the case for trial, that discovery is complete and that the case is ready for trial. Greenhouse , supra . (quoting an Orleans Parish Civil District Court local rule and observing that the plaintiff's filing of two motions to set trial was sufficient to suggest that all discovery had been completed); see also Crawford v. City of New Orleans , 01-0802, p. 6 (La. App. 4 Cir. 1/23/02), 807 So.2d 1054, 1057. This case, however, is a workers' compensation case. Workers' compensation cases are governed by La. R.S. 23:1317, which provides that "[t]he workers' compensation judge shall decide the merits of the controversy as equitably, summarily, and simply as may be." The first factor is thus inapposite here.[2]
Because our analysis of the remaining four factors overlaps, we address those factors together. On March 7, 2017, one month before the hearing, Ms. Allen filed an opposition to the motion for summary judgment, contending that Blind Pelican had failed to answer any discovery filed by her counsel in April 2016, one year before the hearing. In her opposition, she further stated that her counsel was filing a motion to compel the discovery filed in April 2016 that was unanswered. On that same date (March 7, 2017), Ms. Allen filed an amended opposition memorandum stating the following:
[H]er counsel has just received Answers to Interrogatories on the 6th day of March, 2017 after numerous requests. That the answers are incomplete and what answers do appear do not allow for the investigation of those individuals who were working with decedent at the time of his passing at the Blind Pelican, his employer. That she requests more time to determine the information of those individuals having personal knowledge of the death of Michael Mack, Sr.
At the hearing, Ms. Allen's counsel explained that he was thwarted in his attempts to find the individuals who were working with the decedent, Mr. Mack, due to Blind Pelican's failure to answer the interrogatories until March 2017. This information regarding Mr. Mack's co-employees was needed to establish the nature of Mr. Mack's work as a prep cook, in general, and on the day of the incident, in particular. Moreover, Ms. Allen's counsel explained that the name of one of the co-employees provided by Blind Pelican in March 2017 was incorrectly spelled "Chenery;"
*380 the correct spelling is "Cheneau." Ms. Allen's counsel further explained that he had recently, only days before the hearing, located this other employee, who was working at another restaurant. In response to the OWC's inquiry as to what he would do if granted a thirty-day continuance, Ms. Allen's counsel replied that he would take the deposition of Blind Pelican's manager.[3]
At the hearing, the OWC made an express finding that Blind Pelican failed to provide the discovery responses to Ms. Allen until March 7, 2016, a month before the hearing. Nonetheless, the OWC denied Ms. Allen's request for a brief, thirty-day continuance to conduct discovery. In so doing, the OWC, at least in part, relied on Ms. Allen's failure to provide proof of her procedural capacity to sue on the minor's behalf.
The issue of Ms. Allen's procedural capacity-her failure to secure a signed tutorship judgment-was raised by Blind Pelican's counsel at the hearing when the OWC was entertaining Ms. Allen's request for a brief continuance. At that juncture, Blind Pelican's counsel reminded the OWC that Ms. Allen's counsel was ordered to supplement the record with letters of tutorship several months earlier, yet he had failed to do so. Upon Ms. Allen's counsel confirming that he had failed to do so, the OWC granted Blind Pelican's motion for summary judgment. This procedural capacity issue, however, was not properly before the OWC. See La. C.C.P. art. 966(F) (providing that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time"). The 2015 Comments to La. C.C.P. art. 966 state that "Paragraph F makes clear that, in deciding a motion for summary judgment, a court can consider only the issues raised in the motion or opposition filed by the parties. The court cannot rule on issues not raised by the parties." The trial court thus erred in relying on this issue to grant the motion.
On appeal, Blind Pelican contends that Ms. Allen took no steps to conduct discovery between the time the motion for summary judgment was filed (January 2017) and the hearing on the motion (April 2017). This argument, however, overlooks that the OWC found Blind Pelican did not respond to Ms. Allen's earlier filed discovery requests until March 2017, only a month before the hearing. Moreover, Ms. Allen, in her supplemental opposition to the motion, asserted that the discovery responses were inadequate. Likewise, at the hearing, Ms. Allen's counsel voiced difficulty in locating Mr. Mack's co-employees with the limited information Blind Pelican belatedly provided him in March 2017.
Given Blind Pelican's hampering of Ms. Allen's discovery efforts by failing to respond to the discovery requests until March 2017 coupled with the OWC's reliance on an issue not properly before it to decide the motion, we conclude, under the *381 particular facts of this case, that the OWC abused its discretion in rejecting Ms. Allen's request for a brief, thirty-day continuance to complete discovery.
DECREE
For the foregoing reasons, we reverse the judgment of the Office of Workers' Compensation, granting the Blind Pelican's motion for summary judgment, and remand.
REVERSED AND REMANDED

Nevertheless, it is undisputed that Ms. Allen was not ready for the trial, which was set for July 2017. At the time of the hearing, no depositions had been taken by either party. Indeed, Blind Pelican's counsel, when questioned by the OWC whether there was any proof of the fact that Mr. Mack had "clocked out" when the incident occurred-as Blind Pelican contends-acknowledged that no depositions had been taken.

Ms. Allen's counsel also apologized to the court for the delay in pursuing the case caused by his own health problems-a shoulder replacement surgery-and thanked the court and opposing counsel for granting him a continuance due to his health problems. As to the continuances, we note that Blind Pelican represents in its appellee brief to this court that the case had been set for trial four times and continued three times; and it attaches the trial court's four notices of trial to its appellee brief. The record on appeal, however, does not contain a copy of those trial notices. This court is a court of record and can only consider evidence in the record. Miccol Enterprises, Inc. v. City of New Orleans , 12-0864, p. 6 (La. App. 4 Cir. 12/19/12), 106 So.3d 746, 750. Regardless, we note that the OWC, at the hearing, stated that the matter "has been continued a couple of times."