MARILYN CUTRONE       *       NO. 2019-CA-0896

VERSUS       *

      COURT OF APPEAL

ENGLISH TURN PROPERTY       *
OWNERS ASSOCIATION, INC.       FOURTH CIRCUIT
AND NATIONWIDE MUTUAL       *
INSURANCE COMPANY       STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-03726, DIVISION "J"
Honorable D. Nicole Sheppard
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Rosemary Ledet)

**LOBRANO, J., CONCURS IN THE RESULT.**

Victoria L. Bartels
LAW OFFICES OF JOSEPH C. BARTELS
3900 Canal Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANT


Candace R. LeBlanc
LAW OFFICE OF KIMBERLY G. ANDERSON
3850 N. Causeway Blvd., Suite 1230
Metairie, LA 70002

      COUNSEL FOR DEFENDANT/APPELLEE

      **REVERSED AND REMANDED**
      **March 4, 2020**

This is a trip-and-fall case. The plaintiff, Marilyn Cutrone, alleges that she was injured when she tripped and fell on a speed bump that the defendant, English Turn Property Owners Association, Inc. ("English Turn"), had recently installed in her subdivision. From the trial court's May 30, 2019 judgment granting English Turn's summary judgment motion,[1] Ms. Cutrone appeals. Finding the trial court exceeded its authority under La. C.C.P. art. 966(F)[2] by granting summary judgment on an issue not raised by the parties, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Seeking to recover for the injuries she sustained as the result of the trip-and-fall accident, Ms. Cutrone commenced this tort suit against English Turn. In her petition, Ms. Cutrone set forth the following details regarding the accident:

---

[1] In her petition, Ms. Cutrone named as defendants not only English Turn but also its insurer. Ms. Cutrone incorrectly named English Turn's insurer as Nationwide Mutual Insurance Company. In its answer, Western Heritage Insurance Company identified itself as the proper party defendant. For ease of discussion, we refer to English Turn and its insurer collectively as "English Turn."

[2] La. C.C.P. art. 966(F) provides that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time."

- On or about April 23, 2016, [Ms.] CUTRONE was engaged in a recreational run along English Turn Drive, a street in English Turn Subdivision [("the Subdivision")] where she resides.[3]

- [A]s [Ms.] CUTRONE ran along English Turn Drive, she stumbled on speed bumps which had been recently installed on the street by [English Turn], and which she did not see as she approached, and fell.

- [English Turn] is responsible for the repair, maintenance and safety of the streets within [the] Subdivision, a gated community.

Ms. Cutrone alleged that English Turn was at fault for the following reasons:

- Installing speed bumps in the Subdivision where not necessary for reasons of public safety;

- Installing speed bumps in the Subdivision without installation of proper signage and pavement markings to alert pedestrians, recreational runners and bicyclists to the presence of the [speed] bumps; and

- Installing speed bumps which extended to each edge of the street without providing space for safe passage of pedestrians, recreational runners and bicyclists.

Ms. Cutrone alleged that, as a proximate result of English Turn's fault, she sustained "a fracture of her elbow, a concussion, and various cuts, abrasions and contusions."

After answering the petition and generally denying liability, English Turn filed a summary judgment motion. In support of its motion, English Turn cited as an essential legal element of Ms. Cutrone's suit—a tort suit arising out of La. C.C. art. 2315, 2317, and 2317.1—the general rule that "the owner or occupier of land has a duty to keep the property in a reasonably safe condition . . . [which] includes a duty to discover any unreasonably dangerous conditions on the premises and either correct the condition or warn potential victims of its existence." *McCloud v.*

---

[3] Ms. Cutrone has resided in the Subdivision since 2002.

*Hous. Auth. of New Orleans*, 08-0094, p. 4 (La. App. 4 Cir. 6/11/08), 987 So.2d 360, 363. The narrow issue presented by English Turn's motion is whether—assuming for purposes of the motion that the speed bumps presented an unreasonably dangerous condition—it fulfilled its duty to warn Ms. Cutrone by sending a global email to the Subdivision's residents on April 7, 2016, warning them of the installation of the speed bumps in the Subdivision (the "Email").[4]

Focusing on the details of the Email, English Turn provided the trial court, pursuant to Louisiana District Court Rule 9.10,[5] with a list of the following seven undisputed material facts:

- On April 7, 2016, at 1:59 p.m., English Turn sent the Email to the Subdivision's residents.

- The Email provided notification of the installation of the speed bumps at some future time. The Email listed five pairs of addresses on English Turn Drive across which the speed bumps would be installed. The Email stated that reflective bars would be stenciled on both sides of the speed bumps to visually alert motorists and pedestrians of the speed bumps' presence shortly after the installation of the speed bumps. Finally, the Email stated that the locations for the speed bumps were strategically selected based on speeding patterns.[6]

---

[4] In its reply memorandum filed in the trial court, English Turn judicially admitted that the sole issue raised in its summary judgment motion was whether it warned Ms. Cutrone of the speed bumps.

[5] Louisiana District Court Rule 9.10 requires a memorandum in support of a motion for summary judgment contain the following:

(1) A list of the essential legal elements necessary for the mover to be entitled to judgment;

(2) A list of the material facts that the mover contends are not genuinely disputed; and

(3) A reference to the document proving each such fact, with the pertinent part containing proof of the fact designated.

[6] The Email provided as follows:

Hello Residents:

- The warning—the Email—was delivered to multiple residents' email addresses, including to Ms. Cutrone's email address.

- Ms. Cutrone confirmed in her deposition that the accuracy of her email address.

- Ms. Cutrone's email address had been listed in the Subdivision's resident directory as far back as 2010.

- In addition to the warning being delivered to Ms. Cutrone's email address, it was viewed on April 7, 2016 at 2:44 p.m.

- The trip-and-fall accident occurred on April 23, 2016.

In support of its motion, English Turn introduced a copy of Ms. Cutrone's deposition and the affidavit of Margeaux Fanning, English Turn's administrator. Attached to Ms. Fanning's affidavit were a copy of the Email and a copy of the screen shot of English Turn's computer showing that the Email was not only sent to Ms. Cutrone's email address but also was viewed.

Opposing the motion, Ms. Cutrone summarized the alleged genuinely disputed material facts as follows:

- Whether or not [English Turn] issued a "warning" on April 7, 2016 of the hazards posed by the installation of speed bumps on the roadways of the subdivision;

- Whether or not the "warning" was sufficient to apprise those at risk, including residents, motorists, joggers and bicyclists, of the hazard posed by the installation of speed bumps at various locations on the roadways of the subdivision; and

---

This is notification that speed bumps were voted on by [English Turn's] Board and are being installed at the following locations: Across 10 and 7 English Turn Dr., 52 and 45 English Turn Dr., 68 and 63 English Turn Dr., 100 and 93 English Turn Dr. and 208 and 223 English Turn Dr. Shortly following the installation of the speed bumps, white reflective bars will be stenciled on both sides of the speed bumps to visually alert motorist[s] and pedestrians of their presence.

These locations have been strategically selected based on frequent patterns of speeding. It is our goal to make the community streets safer for everyone. Should you wish to voice your opinion, open [English Turn Board] meetings are held every second Wednesday of the month.

- Whether or not [Ms. Cutrone] read the "warning."

In support of her opposition, Ms. Cutrone introduced the affidavit of Ray Burkart, Jr., an accident reconstruction expert. In his affidavit, Mr. Burkart attested that the Email was an "insufficient warning to potential joggers of the presence and specific location of vertical obstructions [speed bumps] in their path." Mr. Burkart further attested that "[g]iven the ease and low cost involved in installing the warnings and other visual clues prior to installation of the speed bumps and/or the ease and low cost of using temporary signage during installation, the failure of [English Turn] to install visual warnings in the location of the speed bumps was the primary causative factor of the plaintiff's trip and fall."

Ms. Cutrone also introduced a copy of her deposition in which she denied knowing that the speed bumps had been installed until after she fell. In her deposition, Ms. Cutrone responded to the question whether she received the Email, as follows: "I don't know. I don't remember seeing it. I'm not saying it wasn't – wasn't sent. I don't remember seeing it, and I don't remember opening it."

Following a hearing, the trial court granted English Turn's motion and dismissed the suit. In its oral reasons for judgment, the trial court reasoned that summary judgment was appropriate because the speed bumps did not present an unreasonably dangerous condition—an issue not raised by the parties. In its oral reasons for judgment, the trial court stated as follows:

> Plaintiff's argument that the speed bumps create an unreasonable risk of harm is incompatible with the jurisprudence on this topic.
>
> In *Moncla versus Albertson's*,[7] the court found that that speed bump in question did not present an unreasonable risk of harm to the

---
[7] *Moncla v. Albertson's Inc.*, 95-1139 (La. App. 3 Cir. 1/31/96), 670 So.2d 316.

5

plaintiff. In its analysis the court looked to the social utility of the speed bump, among other factors.

Upon a finding that the speed bump served a useful purpose, *i.e.*, slowing down traffic, protection of pedestrians, the appellate court reversed the trial court's finding of an unreasonable risk of harm.

The Fourth Circuit in *Doane versus Wal-Mart Stores, Inc.*,[8] found that a speed bump did not create an unreasonable risk of harm to a plaintiff who was not exercising ordinary care by looking where she was going.

Again, the court reversed the trial court's finding that a speed bump created an unreasonable risk of harm.

It is clear that defendants have demonstrated that no genuine issue of material fact exists in this matter.

English Turn met its duty of keeping the subdivision property in a reasonably safe condition, and the addition of speed bumps to the streets did not render the streets unreasonably dangerous.

As such, the duty of English Turn i[n] this instance would not extend beyond keeping the property in a reasonably safe condition, thus defeating the additional duty as relates to the streets.

This appeal followed.

## DISCUSSION

Although Ms. Cutrone asserts multiple assignments of errors, we frame the dispositive issue to be whether the trial court legally erred by granting summary judgment on a basis not raised by the parties in violation of La. C.C.P. art. 966(F).[9] Before addressing that issue, we first briefly outline the governing summary judgment principles.

---

[8] *Doane v. Wal-Mart Disc. Stores, Inc.*, 96-2716 (La. App. 4 Cir. 6/25/97), 697 So.2d 309.

[9] On appeal, Ms. Cutrone asserts the following three assignments of error:

1. The district court erred when she exceeded her authority under La. C.C.P. art. 966(F) and granted summary judgment on the basis of an issue not raised by the parties.

2. Even if the issue had been raised by the parties, the record contains sufficient evidence to demonstrate a genuine issue of material fact exists regarding whether or not the speed

*Governing Summary Judgment Principles*

The summary judgment procedure is favored and shall be construed to "secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). The purpose of the summary judgment procedure is "to pierce the pleadings and to assess the proof in order to see whether there exists a genuine need for trial." *Bridgewater v. New Orleans Reg'l Transit Auth.*, 15-0922, p. 4 (La. App. 4 Cir. 3/9/16), 190 So.3d 408, 411 (citing *Hines v. Garrett*, 04-0806, p. 7 (La. 6/25/04), 876 So.2d 764, 769).

The governing statutory provision, La. C.C.P. art. 966, provides that a motion for summary judgment shall be granted if, "[a]fter an opportunity for adequate discovery," the "motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).[10] This statutory provision further provides that "summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." La. C.C.P. art. 966(F).

---

bumps in question posed an unreasonable risk of injury, and the district court's rendition of summary judgment thereon was erroneous.

3. The record contains more than sufficient evidence to demonstrate that there exist genuine issues of material fact with respect to whether or not Defendant discharged any duty it owned to Plaintiff by sending the email of April 7, 2016, and granting summary judgment thereon would be erroneous.

[10] The determination of whether a fact is material turns on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751). A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La. 6/25/04), 876 So.2d 764, 765 (citing *Smith*, *supra*). "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate." *Id.*

7

Appellate courts review trial court judgments granting summary judgment motions *de novo*, "using the same criteria that the trial judge utilizes in his determination of whether summary judgment is appropriate, in the light most favorable to the non-moving party." *Hooper v. Hero Lands Co.*, 15-0929, p. 12 (La. App. 4 Cir. 3/30/16), 216 So.3d 965, 973. The jurisprudence has held that a summary judgment rendered in violation of La. C.C.P. art. 966(F) is legally erroneous. *See Serou v. Touro Infirmary*, 15-0747, p. 9 (La. App. 4 Cir. 4/13/16), 191 So.3d 1090, 1096 (observing that "a trial court [legally] errs by deciding summary judgment on issues other than those raised by the parties").[11]

*Trial Court's Violation of Article 966(F)*

Since 2010, the Louisiana summary judgment law has restricted the trial court's ability to render a summary judgment to "those issues set forth in the motion under consideration."[12] The 2015 Revision Comments to La. C.C.P. art. 966 (Comment (l)) offer additional instruction, stating that "Paragraph F makes

---

[11] *See also Allen v. Blind Pelican*, 17-0833, p. 7 (La. App. 4 Cir. 3/14/18), 239 So.3d 376, 380 (observing that given the procedural capacity issue was not properly before the OWC, the trial court legally "erred in relying on this issue to grant the motion"); *Leet v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 18-1148, p. 13 (La. App. 1 Cir. 2/28/19), 274 So.3d 583, 591 (observing that given "[plaintiff's] claims for declaratory and injunctive relief were not placed before the trial court in Lane Regional's motion for summary judgment, the trial court's judgment granting Lane Regional's motion for summary judgment was wrongful and must be reversed"); *McGrew v. Waguespack*, 14-0251, pp. 8-9 (La. App. 1 Cir. 12/30/14), 168 So.3d 690, 695 (observing that given the defendant's summary judgment motion failed to address the plaintiff's informed consent claim, "the trial court erred in granting summary judgment on all theories of liability"); *Wilson v. Two SD, LLC*, 15-477, p. 6 (La. App. 1 Cir. 12/23/15), 186 So.3d 159, 162 (observing that summary judgment motion "did not address the application of the work product exclusions" and that "the trial court erred in granting summary judgment on that basis"); *Robertson v. Doug Ashy Building Materials, Inc.*, 10-1547, p. 22 (La. App. 1 Cir.10/4/11), 77 So.3d 323, 336 (observing that "the trial court clearly erred in granting summary judgment on an issue not raised in Georgia–Pacific's motion for summary judgment").

[12] In 2010, the Louisiana Legislature first added the language to the summary judgment articles restricting the trial court's ability to render a summary judgment to "those issues set forth in the motion under consideration." 2010 La. Acts No. 690 (amending La. C.C.P. art. 966(E) to provide that "a summary judgment shall be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time"). In 2013, the Legislature moved the restricting language from Article 966(E) to Article 966(F) and changed the word "shall" to "may." 2013 La. Acts No. 391.

clear that, in deciding a motion for summary judgment, a court can consider only the issues raised in the motion or opposition filed by the parties. The court cannot rule on issues not raised by the parties."

The purpose of the restriction codified in La. C.C.P. art. 966(F) is to inform the opponent of the summary judgment motion of the elements on which there allegedly is no genuine issue of material fact and to avoid surprise. *See also* Louisiana District Court Rule 9.10 (outlining the requirement for a memorandum in support of a motion for summary judgment).[13] Failure to enforce the restriction codified in La. C.C.P. art. 966(F) results in "requir[ing] the non-mover on a motion for summary judgment, who will not carry the burden of proof on the issue raised in the motion, to respond to the motion by submitting evidence that it will be able to carry its burden of proof as to all essential elements of his claim, regardless of whether a particular element of his claim was placed at issue by the motion or not." *Ronald's Lawn Serv., LLC v. St. John the Baptist Par. Sch. Bd*., 19-244, p. 10 (La. App. 5 Cir. 12/11/19), 284 So.3d 696, 702 (Chaisson, J., dissenting). Absent the Article 966(F) restriction, the opponent is forced "to try his entire case to the court in response to the motion for summary judgment." *Id.*

Here, Ms. Cutrone's argument is that the trial court erred when it exceeded its authority under La. C.C.P. art. 966(F) by granting summary judgment based on an issue not raised by the parties. English Turn's counter argument is that the basis for the trial court's grant of the summary judgment motion is irrelevant for two reasons: (i) appeals are taken from judgments, not reasons for judgment; and

---

[13] The Louisiana summary judgment rule differs from the federal rule on the authority of a court to grant judgment on a grounds not raised by the parties. *See* Fed. R.Civ. P. 56(f) (captioned as "Judgment Independent of the Motion" and providing that "[a]fter giving notice and a reasonable time to respond, the court may . . . (2) grant summary judgment for a nonmovant").

(ii) appellate courts review a trial court's grant or denial of a motion for summary judgment using the *de novo* standard of review.

*De novo* review generally "involves examining the facts and evidence in the record, without regard or deference to the judgment of the trial court or its reasons for judgment." *Hooper*, 15-0929, p. 12, 216 So.3d at 973-74. The circumstances presented here, however, fall within a carved-out exception to the general rule that a trial court's reasons are not relevant. Stated otherwise, a trial court's reasons for judgment are relevant when, as here, there is a question posed as to whether the trial court exceeded its authority under La. C.C.P. art. 966(F). Indeed, La. C.C.P. art. 966(C)(4) mandates that "[i]n all cases, the [trial] court shall state on the record or in writing the reasons for granting or denying the motion."

The trial court's reasons for judgment reflect that it based its decision on a finding that the speed bumps did not create an unreasonable risk of harm. The basis for English Turn's summary judgment motion, however, was limited solely to whether English Turn fulfilled its duty to Ms. Cutrone by warning her—sending her the Email. In its memorandum in support of its motion,[14] English Turn summarized its position as follows:

> Defendants do not believe that the speed bumps at issue constitute an unreasonably dangerous condition; however, even if the Court where to find that they did, plaintiff nevertheless could not meet her burden of proof at trial against defendants because she was warned of the existence of the speed bumps approximately two weeks prior to the incident at issue occurring.

---

[14] Technically, Article 966(F) restricts the trial court's ability to "those issues set forth in the motion" itself. A strict reading of the provision, thus, dictates that the issues raised be enumerated with particularity in the motion itself. *But see* La. C.C.P. art. 966(A)(3) (providing that "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law").

Likewise, in her opposition memorandum, Ms. Cutrone emphasized that English Turn, for purposes of its summary judgment motion, conceded the existence of a duty "to discover any unreasonably dangerous condition in the form of the speed bumps" and that its motion was "directed solely to the issue of whether or not [English Turn] had 'warned' [Ms. Cutrone] of the presence of the danger" posed by the speed bumps.

In its reply memorandum, English Turn judicially admitted that "[f]or purposes of this Motion for Summary Judgment, defendants have conceded that the speed bump at issue—which plaintiff allegedly tripped and fell over in her own neighborhood—constituted an unreasonably dangerous condition." English Turn also stated that "for purposes of this Motion for Summary Judgment, defendants have conceded that the speed bump at issue is an unreasonably dangerous condition; therefore, the holding in *Broussard* [*v. State ex rel. Office of State Bldgs.*, 12-1238 (La. 4/5/13), 113 So.3d 175] is inapplicable.[15] Thus, the only issue

---

[15] English Turn's reference to *Broussard* was in response to Ms. Cutrone's citation in her opposition to the holding in *Broussard* that "whether a defect presents an unreasonable risk of harm is 'a matter wed to the facts' and must be determined in light of facts and circumstances of each particular case." *Id.*, 12-1238 at p. 9, 113 So.3d at 183. The Louisiana Supreme Court, in a trilogy of more recent cases, however, has held that summary judgment may be appropriate on the issue of whether a defect presents an unreasonable risk of harm. "Clarifying *Broussard*, the Supreme Court, in a trio of cases, held that, absent any material factual issue, the summary judgment procedure can be used to determine whether a defect is open and obvious and thus does not present an unreasonable risk of harm." *Jones v. Stewart*, 16-0329, p. 14 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 393 (citing *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14), 171 So.3d 851; *Rodriguez v. Dolgencorp, LLC*, 14-1725 (La. 11/14/14), 152 So.3d 871; *Allen v. Lockwood*, 14-1724 (La. 2/13/15), 156 So.3d 650). Given the procedural posture of this case, however, this is not such a case. Simply stated, the issue of whether the speed bumps presented an unreasonable risk of harm was not properly raised in the trial court and, under La. C.C.P. art. 966(F) cannot be the basis for this court affirming the summary judgment.

11

to be determined by this Court is whether there exists a genuine issue of material fact as to whether English Turn provided a warning of that condition."

The circumstances of this case demonstrate the purpose behind La. C.C.P. art. 966(F)'s restriction on a trial court's ability to grant summary judgment to the issues raised by the parties. A review of the supporting documentation offered by English Turns reflects that its motion was based solely on the Email, which English Turn contends constituted a warning to Ms. Cutrone. English Turn's supporting documentation is devoid of any physical description of the speed bumps, such as their size, color, and signage. Indeed, the sole physical description of the speed bumps in the record is set forth in Ms. Cutrone's expert's report.

In her appellant brief, Ms. Cutrone emphasizes that, but for English Turn's concession that the unreasonably dangerous issue was not in dispute, she would have introduced additional evidence in opposition to the motion regarding the unreasonably dangerous nature of the speed bumps in question, including safety studies conducted by English Turn in 2003 and 2013 and photographs of the speed bumps. Failing to restrict the scope of the summary judgment to the issues raised by English Turn, thus, prejudiced Ms. Cutrone's ability to present a defense on the issue of whether the speed bumps presented an unreasonably dangerous condition.

As noted elsewhere in this opinion, English Turn's summary judgment motion was framed to address only the narrow issue of whether the Email satisfied its duty to warn Ms. Cutrone of the allegedly—and concededly—unreasonably dangerous condition presented by the speed bumps. English Turn contends that to defeat its motion, Ms. Cutrone was required to present credible evidence contradicting its evidence that English Turn provided notice of the installation and

12

the location of the speed bumps. English Turn contends that there is no genuine issue of material fact on this narrow issue. We disagree.

Ms. Cutrone's deposition testimony was sufficient to create a genuine issue of material fact on the narrow issue presented here. As noted elsewhere in this opinion, Ms. Cutrone testified that she did not recall receiving or viewing the Email. She further testified that she was unaware of the speed bumps until after she fell. Her testimony is thus in conflict with the evidence English Turn presented regarding the Email.

In sum, the trial court legally erred in granting summary judgment on the basis of an issue not raised by the parties, violating La. C.C.P. art. 966(F). Moreover, there is a genuine issue of material fact on the narrow only raised by the summary judgment motion.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed; and this matter is remanded for further proceedings.

**REVERSED AND REMANDED**