DANIEL L. DYSART, Judge.
11 This matter has been before the Court on several occasions. In this latest appeal, Touro Infirmary (“Touro”) maintains that the trial court erred in granting summary judgment in favor of appellee, Aggreko, L.L.C. (“Aggreko”). For the reasons that follow, we affirm.-
*1092 FACTS AND PROCEDURAL HISTORY
This case has a lengthy history and we detail only those facts relevant to this appeal.[1] The lawsuit underlying this appeal involved wrongful death and survival actions arising out of the death of Gordon Serou, Sr. In early August, 2005, Mr. Serou was hospitalized at the Specialty Hospital of New Orleans, Inc. (“SHONO”), a long-term acute care facility located on the seventh floor of Touro, for a number of health issues, including “Parkinson’s disease, dementia, coronary artery disease, as well as paralysis agitans.” Serou, 12-0089, p. 4, 105 So,3d at 1074. After Hurricane Katrina impacted the New Orleans area on August 29, 2005, Mr. Serou remained a patient at SHONO until his death on August 31, 2005.
12Mr. Seroü’s family members filed suit against Touro, SHONO and Aggreko, with whom Touro had contracted in June, 2005, for the provision of emergency generator services. Touro and Aggreko, in turn, filed cross-claims, seeking indemnification from each other. The basis of Touro’s cross-claim against Aggreko was a contractual indemnity agreement which provided, in pertinent part, as follows:
AGGREKO SHALL RELEASE, INDEMNIFY, DEFEND AND HOLD HARMLESS FROM AND AGAINST ANY CLAIM, DEMAND, LOSS, DAMAGE, LIABILITY, LAWSUIT, CAUSE OF ACTION, JUDGMENT ... ON ACCOUNT OF ... PERSONAL INJURIES (INCLUDING ILLNESS, DISABILITY OR DEATH) RESULTING FROM THE OPERATION, USE OR HANDLING OF THE EQUIPMENT OR SERVICES PROVIDED HERUN-DER, TO THE EXTENT CAUSED BY THE NEGLIGENCE OR FAULT OF AGGREKO.
(Emphasis added).[2]
Aggreko filed a ■ motion for summary judgment as to Touro’s cross-claim, which the trial court denied in July, 2011. Id., p. 14, 105 So.3d at 1081,. The trial court found genuine issues of material fact “as to why the generator did not serve its.intended purpose.” Id. Aggreko filed an application for a supervisory writ .on this issue, which was denied by this Court. Id., p. 15, 105 So.3d at 1081.
Shortly before trial, the cross-claims of Aggreko and Touro were severed and continued.[3] Id. A full trial on the merits then took place in August, 2011. | ¡¡While judgment on the trial was pending, Aggreko re-urged its previously filed motion for summary judgment. By judgment dated September 29,2011, the trial court granted Aggreko’s summary judgment, finding that Touro did, not establish any conduct on Aggreko’s part that “was a proximate or legal cause of the Plaintiffs’ injuries.” Id.
On October 5, 2011, the trial court rendered judgment on the main demand in favor of the plaintiffs. Id. The trial court found that Mr. Serou’s death was caused by the combined fault of Touro and SHO-NO (30% fault to Touro, 70% fault to SHO-NO). • The trial court’s judgment made no *1093 mention of Aggreko and assigned.no fault to it. See Serou I.
Touro then appealed the trial court’s October 5, 2011 judgment.- In its appeal, Touro contested the allocation of fault, arguing that all fault should have been assessed against SHONO. See Serou I, p. 39,105 So.3d at 1096.[4] Neither Touro nor any other party appealed the failure of the trial court to include (or assign) -any fault to Aggreko, an original defendant, in the judgment. In Serou I, Touro also appealed the September 29, 2011 summary judgment granted in Aggreko’s favor.
On appeal, this Court'affirmed the trial court’s judgment in favor of the plaintiffs in its entirety. See Serou I. However, with respect to the* summary judgment granted in Aggreko’s favor, this Court found genuine issues of material fact, reversed the summary judgment and -remanded the case for further ^proceedings. See Serou I. Thereafter, that portion of the Serou I judgment reversing the summary judgment was vacated and referred to a 5-judge panel. Serou v. Touro Infirmary, 12-0089 (La.App. 4 Cir. 1/28/13), 129 So.3d 540.[5] The five-judge panel again reversed the trial court’s judgment and remanded the matter to the trial court, finding that “there is a genuine issue of fact as to whether Touro’s inability to provide air conditioning and backup power to SHONO during the aftermath of Hurricane Katrina — failings that the district court connected causally to the plaintiffs’ injuries — resulted, in part, from Aggreko’s failure to . provide a functioning backup generator and the contracted-for-amount of generator fuel.” Serou II, p. 8, 115 So.3d at 693.
After the case was remanded, Touro moved for and was granted leave to file an amended cross-claim. The basis for seeking the amendment was that “[jjudgment was rendered against [Touro] on Plaintiffs [sic] principal demands subsequent to the filing of Touro Infirmary’s Cross[-]Claim against Aggreko, L.L.C., and Aggreko, L.L.C., is justly and truly indebted to Tou-ro Infirmary for the amount Touro Infirmary paid to satisfy that Judgment pursuant to the indemnification provisions” of the contract between Touro and Aggreko.
On September 12, 2014, Aggreko filed a new motion for summary judgment, again seeking a dismissal of all of Touro’s claims against it. A hearing was held on Aggre-ko’s motion on November 21, 2014, at which' time the trial court granted summary judgment in Aggreko’s favor; the trial court indicated that “after having tried the underlying claim, as well as ascertaining the fault of the respective | ¿defendants therein ... there is no genuine issue of material fact as to Aggreko’s not being liable.” A written judgment was then issued on January 21, 2015.[6]
*1094 Motions for New Trial were filed by both Aggreko and Touro. After a hearing on March 27, 2015, the trial court denied Touro’s motion,- but granted Aggreko’s motion so as to reflect the full findings of the trial court as stated at the November 21, 2014 hearing.[7] A final written judgment was then rendered . on April 13, 2014, granting Aggreko’s motion for new trial and summary judgment motion.
This appeal timely followed.
DISCUSSION

Summary judgment standard

Our jurisprudence regarding the propriety of a summary judgment is well-settled, We recently reiterated that standard in Surcouf v. Darling, 15-0278, pp. 12-13 (La.App. 4 Cir. 10/21/15), 177 So.3d 1085, 1093:
Appellate, courts review a judgment granting or denying a. motion for summary judgment de novo, under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. See C & C Energy, L.L.C. v. Cody Investments, L.L.C., 09-2160, p. 4 (La.7/6/10), 41 So.3d 1134, 1137; Garrison v. Old Man River Esplanade, L.L.C., 13-0869, p. 3 (La.App. 4 Cir. 12/18/13), 133 So.3d 699, 701. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no | (¡genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B(2). Summary judgment is favored in Louisiana and is designed, to secure the just, speedy, - and' inexpensive determination of every action. See La. C.C.P: art. 966 A(2).
The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. See La. C.C.P. art.' 966 C(2); see also Phipps v. Schupp, 14-0672, p. 31 (La.App. 4 Cir. 3/18/15), 163 So.3d 212, 230. If the movant makes a prima facie showing that the motion should be granted, the burden then shifts to the non-moving party to produce evidence demonstrating that a material factual issue remains; the failure to do so mandates granting of . -the motion. See id. The non-moving party’s response may not rest on the allegations or denials contained in his pleading, but -must set forth, by affidavit or- otherwise provided by law, specific facts showing that there is a genuine issue of material fact for trial. See La, C.C.P. art. 967 B; Gam-son, 13-0869, p. 3, 133 So.3d at ,700-01.
With these principles in mind, we turn to the merits of the trial court’s -grant of summary judgment in Aggreko’s favor.

Grant of Aggreko’s motion for summary judgment

In its September 12, . 2014 motion for summary judgment, Aggreko argued, inter, alia,, that it was entitled to* summary judgment on the following basis;, (1) the apportionment of fault finding only Touro and SHONO liable was a final judgment based’ on Serou I and the Supreme Court’s writ denial;, (2) no fault was assessed against Aggreko after a full trial on the merits; and (3) some finding of fault on Aggreko’s part is necessary for it to owe indemnity to *1095 Touro. For these reasons, alone, Aggreko maintained that it was entitled to a summary judgment.
We agree that the trial court’s factual determination that Aggreko'bears no fault in causing injury to these particular plaintiffs, a finding that is now final, 17warrants a summary judgment dismissal of Touro’s cross-clam for indemnification.
Touro takes the position that .summary judgment is inappropriate because Aggreko raised no new arguments that had not previously been submitted and rejected by this Court in Serou II. Touro concedes that the finality of the judgment in Serou I and. the apportionment of fault contained therein, were not raised, in Ag-greko’s first motion for summary judgment heard on September 29, 2014. Indeed, those issues could not have been raised because Aggreko’s motion for suni-mary judgment was filed prior to trial, and the trial court ruled on the motion prior to rendering judgment in Serou.I. It was only after the trial court had apportioned fault in Serou I and assigned no fault to Aggreko that Aggreko could raise its lack of fault as a basis for the grant of summary judgment.
Touro suggests, however, that because all relevant facts were before this Court when both Serou I and Serou II were rendered, this Court’s finding in Ser-ou II of genuine issues of material fact is “law of the case,” and, therefore, this-Court is precluded from reconsidering whether summary judgment is appropriate. We disagree. It was well within the trial court’s province to hear and rule on Aggreko’s motion for summary judgment, This • Court’s reversal of • the summary judgment in Serou II was essentially á denial of that motion, and a denial of a summary judgment does not bar a party ^rom re-urging it at another time.[8] As this Court has indicated, a . “trial court may Sran^ a re'm’ged motion for summary Judgment, even when no new evidence has been submitted.” Paragon Lofts Condo. Oumers Ass’n, Inc. v. Paragon Lofts, L.L.C., 09-0943, p, 4 (La.App. 4 Cir. 2/10/10), 32 So.3d 303, 306. See also, Hargett v. Progressive Ins. Co., 08-0293, p. 7 (La.App. 4 Cir. 10/29/08), 996 So.2d 1199, 1202 (“a second motion for summary judgment is permissible because the denial of an initial motion for summary judgment is an interlocutory judgment, and therefore, not a final judgment”); Magallanes v. Norfolk S. Ry. Co., 09-0605, p. 4 (La.App. 4 Cir. 10/14/09), 23 So.3d 985, 988 (“[t]he proper' procedure for obtaining a reconsideration of the motion for summary judgment which has been denied is to re-urge the motion itself by re-filing it prior to trial”); Young v. Dupre Transport Co., 97-0591, pp. 1-2 (La.App. 4 Cir.10/1/97), 700 So.2d 1156, 1159 (where the court found no error in a party’s re-urging of a previously denied summary judgment motion insofar as the denial was not an adjudication and had no res judicata effect).
As noted, when Aggreko’s first motion for summary judgment was decided by the trial court (September 29, 2011), no determination of the parties’ fault had been made (the finding of fault came later, with the trial court’s October 5, 2011 judgment on the main demand).[9] The trial court’s *1096 express reason for granting summary judgment, however, was that no showing had been made that any conduct on Aggre-ko’s part “was a proximate or legal cause of the Plaintiffs’ injuries.” Serou I, p. 15, 105 So.3d at-1081. Insofar as the trial court based its |9ruling upon this reason, the granting of summary judgment was premature.[10] This Court’s ruling in Serou II focused on the matter as it was presented to the trial court when it issued its September 29, 2011 judgment.
At the time of Aggreko’s motion for summary judgment in 2011, La. C.C.Pr. art. 966 E provided that “a summary judgment shall be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.” (Emphasis added). This Court has held that a trial court errs by deciding summary judgment on issues other than those raised by the parties. See, e.g. Robertson v. Doug Ashy Bldg. Materials, Inc., 10-1551, p. 26 (La.App. 1 Cir. 10/4/11), 77 So.3d 360, 375 (“the trial court clearly erred in granting summary judgment on an issue not raised in Union Carbide’s motion for summary judgment.”) See La. C.C.P. art. 966(E) (providing that a “summary judgment shall, be rendered or affirmed only as to those issues set forth in the motion under- consideration by the court at that time.”)(Eniphasis supplied). We note that La. C.C.P. art. 966 was extensively revised in the 2015 legislative session and as part of that revision, sub-part E .was redesignated as subpart F. Importantly, however, as the official comments to La. C.C.Pr. art. 966 expressly state, “Paragraphs E and F do not change the law, except that Paragraph F makes clear that, in deciding a motion for summary judgment, a court can consider only the issues raised in the motion or opposition filed by the parties. The court cannot rule on issues not raised by the parties.” (Emphasis added),
|inIn the appeal of Serou I, no party raised the issue of Aggreko’s lack of liability as a basis'"for the grant of summary judgment; the trial court’s apportionment of fault, and failure to assign any fault to Aggreko, were not addressed in either Serou I or Serou II. Accordingly, and in conformity with La. C.C.Pr. art. 966 E, it was only appropriate that the trial court be the first to consider whether Aggreko was entitled to summary judgment on the issue of its freedom from fault.
Having determined that neither Serou I nor Serou II precluded the trial court from considering Aggreko’s second motion for summary judgment in 2014, we now turn to whether the trial court’s April 13, 2014 grant of summary judgment, was appropriate.
At the trial on the merits, the parties offered evidence against Aggreko from which the trial court could have assessed fault against it. That evidence included the failure of Aggreko’s generator to function within a short period of time after Touro lost power, as well as Aggreko’s failure to deliver an external fuel tank that was full of fuel. See Serou I. There was also competing testimony regarding whether Touro owed a. duty to provide refrigerated air conditioning to SHONO, and whether the failure of Aggreko’s generators contributed to the lack of refrigerated air in the SHONO unit. See Serou I. After hearing all of the evidence) however, *1097 the trial court assigned fault to Touro and SHONO, only.
Under La. C.C. art. 2328 A, “[i]n any action'for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty.” (Emphasis added). The trial court was, therefore, bound to consider Aggreko’s fault in rendering | ¶1 judgment and in doing so, assigned it no fault. This finding was' ultimately affirmed by this Court, which concluded in Serou I that the trial court’s allocation of fault, was “reasonable and ... not clearly wrong,” Serou I, 12-0089, p. 41, 105 So.3d at 1096, a finding made final when the Louisiana Supreme Court denied Touro’s application for a writ of certiorari.
Touro’s claim against" Aggreko is strictly for indemnification. As we explained in Babin v. Planet Beach Tanning Salons, Inc., 10-0862, p. 5 (La.App. 4 Cir. 12/15/10), 54 So.3d 180, 183, “[ijndemnity shifts the entire loss from a tort-feasor only technically or constructively at fault to one primarily responsible for the act that caused the damage.” Accordingly, Aggreko would owe indemnity to Touro only if its actions caused the plaintiffs’ damages. As we found in Serou I, there is no question that the damages sustained by the patients in the SHONO unit were caused solely by the joint fault of Touro and SHONO. It follows, therefore, that, Aggreko can never be cast in judgment, whether directly or indirectly by way of indemnification, for the damages to any of the SHONO patients. The ‘ trial court therefore correctly granted Aggreko’s summary judgment.[11]

CONCLUSION

For the reasons set forth herein, the judgment of the trial court, granting summary judgment in favor of Aggreko, L.L.C. is affirmed.
AFFIRMED

. A full account of the factual and procedural history of the underlying lawsuit is detailed in Serou v. Touro Infirmary, 12-0089, (La.App. 4 Cir. 1/9/13), 105 So.3d 1068, writ denied, 130377 (La.4/1/13), 110 So.3d 588 ("Serou I’’).

. This Court interpreted the provision to mean that "Aggreko agreed to indemnify and hold Touro harmless for damages incurred by third parties that resulted from thenegligence or fault of Aggreko.” Serou v. Touro Infirmary, 12-0089, p. 4 (La.App. 4 Cir. 4/24/13), 115 So.3d 688, 691, writ denied, 13-1201 (La.9/13/13), 120 So.3d 699 ("Serou II ”).

.Plaintiffs settled their claims against SHO-NO and Aggreko before trial. See Serou I, p. 2, 105 So.3d at 1073 and Serou II, p. 5, 115 So.3d at 692.

. Indeed, in Serou I, Touro "argue[d] that the testimony and evidence presented at trial [did] not support the apportioning of any.-percentage of fault to Touro. Touro, instead, argue[d] that the evidence established] that the primary causes for Mr. Serou’s death were the actions and inactions of SHONO and its staff. Touro’s staff, it argue[d], fulfilled all of SHONO’s needs during Hurricane Katrina and the storm’s aftermath.” Id., 12-0089, 105 So.3d at 1095.

. The matter was referred to a five-judge panel because "the reversal of the trial court judgment dated September 29, 2011 ... required] either a unanimous three-judge panel or a referral to a five-judge panel under La. Const, art. V, § 8(B).” Id., 12-0089, p. 1, 129 So.3d at 540.

.The actual date on the judgment is January 21, 2014, clearly a typographical error; at the November 21, 2014 hearing, the trial court orally granted the motion for summary judg- ’ ment and directed the parties to “prepare a Judgment.” Presumably the judgment was submitted (and consequently, dated) in 2014 but was not signed by the trial court until January, 2015.

. One of the arguments raised by Aggreko’s motion for summary judgment was that Touro breached its contract with Aggreko by failing to pay Aggreko under the terms of the contract and further failed to notify Aggreko about problems with the generators, a requirement of the contract. In granting the summary-judgment, the trial court ruled in open court on November 21, 2014 that, not only was there no fault on Aggreko’s part, but also that Touro had breached its contract with Aggreko by failing to make payments under the contract, The April 1,3, 2014 judgment includes this latter finding.

. While we need not address Touro’s “law of the case” argument, we do note that the "denial of a summary judgment is always an interlocutory judgment, which the trial court may change at any time up to final judgment. Accordingly, law of the case does not apply ... and the trial court [is] free to rule on the merits of the matter without following the court’s earlier ruling.” Zeno v. Colonial Mortgage & Loan Corp., 08-246, p. 11 (La.App. 5 Cir. 11/25/08), 4 So.3d 93, 100.

. Aggreko’s motion for summary judgment on which the trial court ruled on September 29, 2011 was simply a re-urging of the 'motion *1096 filed on June 2, 2011. See, Serou II, 12-0089, p. 5, i 15 So.3d at 691.

. Of course, had the trial court entered summary judgment in Aggreko’s favor after trial on the merits and after assigning no fault to Aggreko, summary judgment would have been appropriate.

. As noted above (See footnote 7), Aggreko also argued that it was entitled to summary judgment based upon Touro’s breach of its contract with Aggreko. Because we find that summary judgment on the issue of Aggreko’s lack of liability was warranted, as discussed more fully herein, we need not address other grounds urged by Aggreko in support of its motion for summary judgment.