| | | |
|---|---|---|
| **NUMA C. HERO & SON, LLP THROUGH ITS GENERAL PARTNER GEORGE ALLEN HERO** | * | **NO. 2022-CA-0405** |
| | * | **COURT OF APPEAL** |
| | * | |
| **VERSUS** | | **FOURTH CIRCUIT** |
| | * | |
| **BRIT UW LIMITED AND ERWIN INSURANCE AGENCY, INC.** | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 64-552, DIVISION "B"
Honorable Michael D. Clement,
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Luis Etienne Balart
Madeleine Fischer
Lauren C. Mastio
JONES WALKER, L.L.P.
201 St. Charles Avenue
48th Floor
New Orleans, LA 70170-5100

      COUNSEL FOR PLAINTIFF/APPELLANT

Sidney Wallis Degan, III
Travis Louis Bourgeois
Karl Howard Schmid
Genevieve Kathleen Jacques
DEGAN, BLANCHARD & NASH
400 Poydras Street
Suite 2600
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLEE, BRIT UW LIMITED AND
      CERTAIN UNDERWRITERS AT LLOYD'S LONDON

                                     **AFFIRMED**
                          **DECEMBER 21, 2022**

On December 6, 2017, a fire destroyed the residence which was located at 431 Planters Canal Road in Belle Chasse, Louisiana. The residence was under construction, but substantially completed at the time. The property was owned by Numa C. Hero & Son, LLP, through its general partner, George Allen Hero ("Hero"). Hero was constructing the residence on the above mentioned property, which upon completion was to be purchased by his daughter and son-in-law, Victoria and John Dillman.

Through its agent, the Erwin Insurance Company, Inc. ("Erwin"), Hero had obtained an insurance policy (No. GLBP11204S (the 4S policy)), covering a number of properties it owned, from Certain Underwriters at Lloyd's of London, primarily Brit UW Limited (hereinafter collectively referred to as "Brit UW" or "defendants"). The policy provided general liability and certain property damage coverage. It contained a commercial general liability coverage form; a building and personal property coverage form; and separate declarations for each type of coverage. The policy's declarations are separate and distinct for "Commercial

2

Property Coverage" and "Commercial General Liability Coverage." The insuring agreement makes clear, with respect to property damage coverage (and not liability coverage), only "Covered Property" that is "described" in the Commercial Property Coverage Part Declarations, and for which "a Limit of Insurance is shown in the Declarations for that type of property" is covered.

The Property Coverage Declarations describe and list only three premises in the "Description of Premises" Box, and shows the type of "Coverages Provided," limits, and premium charged for each type of property, as well as "Optional Coverages." The Declarations describe only three premises covered for property damages: a single family frame house in Gretna; a single family frame house in Marrero; and a frame building in Harvey. No premises, building or structure in Belle Chasse or Plaquemines Parish, including the subject property, is listed or described. The effective dates of the policy were June 27, 2017 through June 27, 2018.

On June 4, 2018, Hero filed a petition for damages for breach of contract and alternatively for malpractice against Brit UW and Erwin in the 25th Judicial District Court, Parish of Plaquemines.[1][2][3] The claim concerned alleged Commercial Property Coverage for property damaged by the fire at 431 Planters Canal Road. Hero contended that the house, then under construction, was covered

---

[1] Hero has settled its claim against Erwin.
[2] Hero later filed an amended petition adding Certain Underwriters as a defendant.
[3] On July 3, 2018, Brit UW Limited filed a notice of removal of the action to federal court. On August 31, 2018, the United States District Court for the Eastern District of Louisiana remanded the matter back to state court.

by the 4S policy, and if the policy did not provide coverage, its insurance agent, Erwin, was liable for malpractice for failing to secure such insurance coverage.

The defendants filed three earlier motions for summary judgment in this case. The first and third motions were denied by the district court on September 9, 2019, and September 17, 2020, respectively. The defendants withdrew their second motion, which had been filed on August 30, 2019.

On July 15, 2021, the defendants filed their fourth motion for summary judgment. They contended that there was no Commercial Property Coverage under the 4S policy for Hero's claim for fire damages sustained to the building under construction at 431 Planters Canal Road. In their motion for summary judgment, the defendants were able to make a prima facie case that there was no property damage coverage under the 4S policy for the structure at 431 Planters Canal Road that was destroyed by fire. The defendants supported their position not only with their memorandum in support of summary judgment, but also the actual insurance contract, supporting affidavits and other attached legal evidence. Following a hearing on October 7, 2021, the trial court entered its judgment granting summary judgment on October 22, 2021. Hero then filed a motion for new trial, which the trial court denied on February 17, 2022. Hero now appeals the trial court's judgment.

On appeal, Hero raises the following three assignments of error: (1) "The trial court should not have granted the insurers' last motion for summary judgment because: a) the trial court improperly considered parol evidence; and b) even if

4

parol evidence was properly considered, that evidence was conflicting and insufficient to establish Brit UW's undisputed right to summary judgment." (2) "The trial court should not have granted Brit UW's last motion for summary judgment because the court had previously found numerous ambiguities on the face of the 4S Policy on the points critical to Hero's case. That ambiguous policy language did not change from the earlier ruling. Therefore, the fourth summary judgment should have been denied." (3) "The trial court should have granted the motion for new trial."

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." La. C.C. art. 966(A)(2). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C. art. 966(A)(3). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La. C.C. art. 966(D)(1). A prior denial of a summary judgment does not preclude the granting of a similar, or even the same motion, later in the case. *Serou v. Touro Infirmary*, 2015-0747, p. 7 (La. App. 4 Cir. 4/13/16), 191 So.3d 1090, 1095.

5

The chief argument and assignment of error in Hero's appeal is that since prior motions for summary judgment were denied, the trial court erred in granting summary judgment in the instant case. However, as stated above, the prior denial of a motion for summary judgment does not preclude the granting of a similar, or even the same motion, later in the case. *Id.* Also, the party seeking insurance coverage bears the burden not only proving a relevant, existing policy, but also, coverage under that policy. *See Tunstall v. Stierwald*, 2001-1765 (La. 2/26/02), 809 So.2d 916; *Barber v. Best*, 394 So.2d 779 (La. App. 4 Cir. 1981).

The insuring agreement in the Building and Personal Property Coverage Form provides that: "We will pay for direct physical loss or damage to Covered Property at the premises described in the Declarations caused by or resulting from any cause of loss." The Commercial Property Declarations contain a "Description of Premises" box in which only three premises are described, and 431 Planters Canal Road is not one of them. The insuring agreement further provides that "Covered Property" as used in that provision "means the type of property described in this Section, A.1., and limited in A.2., Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property." The Declarations show the "Coverages Provided" for each of the three designated premises, respectively, for "building" and "business income" coverage, for which limits, and the premium charged for each of these coverages. The "Coverages Provided" section reads: "INSURANCE AT THE DESCRIBED PREMISES APPLIES ONLY FOR COVERAGES FOR WHICH A LIMIT OF INSURANCE

6

IS SHOWN." The Declarations section also has a separate box showing "Optional Coverages" for each of the three designated premises, respectively. The lot designation for 431 Planters Canal Road, listed as location 44 on Form 0033, is not referenced in the "Description of Premises" or the "Coverages Provided" sections; there is no indication of any "building" on that lot; there is no limit of insurance shown for that property or structure; and there is no premium charged for coverage. Based on the face of the Property Declarations, when compared with the Property Coverage insuring agreement, it is clear that commercial property coverage is not afforded for any structure located on Planters Canal Road, or at Location #44 on Form 0033. Accordingly, Hero failed to meet its burden to prove that Property Coverage existed for the structure at 431 Planters Canal Road under any policy, including the 4S Policy, issued by the defendants.

Although Hero filed a memorandum in support of its opposition to summary judgment, Hero did not attach any "evidence" to show that the defendants were not entitled to summary judgment. Only three items were attached to Hero's opposition: a memorandum of law and a statement regarding disputed facts, both involving a motion previously filed in the proceeding one year earlier; and the trial court's judgment denying that prior summary judgment. Hero also attempted to incorporate by reference, exhibits previously attached to prior legal memoranda, but not attached to the instant opposition.

"Argument of counsel, which includes memoranda submitted in support of or in opposition to a motion for summary judgment, is not evidence, no matter how

artful and persuasive." *Delcambre v. Price*, 99-0223, p. 8 (La. App. 4 Cir. 3/24/99), 738 So.2d 593, 598, n. 1. Likewise, "[a]rgument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact." *Attardo v. Brocato*, 96-1170 (La. App. 4 Cir. 2/5/97), 688 So.2d 1296, 1297. Further, an opponent to a motion for summary judgment must attach evidence demonstrating a dispute in material issues of fact to its opposition and cannot merely incorporate by reference, exhibits previously attached to other legal documents. *See* La. C.C.P. art. 966(D)(1)(2); *Washington v. Gallo Mech. Contractors, LLC*, 2016-1251 (La. App. 4 Cir. 5/17/17), 221 So.3d 116, 121; *Forstall v. City of New Orleans*, 2017-0414, pp. 8-9 (La. App. 4 Cir. 1/17/18), 238 So.3d 465, 471. Accordingly, Hero has failed to meet its evidentiary burden in opposition to the defendants' motion for summary judgment.

Although Hero objects to the trial court's consideration of parol evidence, the documents and testimony attached to the defendants' motion for summary judgment are not parol evidence *per se* because they do not seek to explain or alter the terms of the policy at issue. Evidence such as affidavits and deposition testimony are permissible to determine whether an insurance policy is in force or where there is a factual issue as to the applicability of a provision of a policy. *See Rolston v. United Services Auto Ass'n.*, 2006-0978 (La. App. 4 Cir. 12/12/06), 948 So.2d 1113. Also, the trial court's consideration of evidence in support of a motion for summary judgment is an evidentiary ruling which is subject to the abuse of discretion standard of review. *S.L.B. v. C.E.B.*, 2017-0978, p. 26 (La. App. 4 Cir. 7/27/18), 252 So.3d 950, 968.

In the instant case, the deposition testimony and affidavit offered in support of the defendants' motion were offered to show that no policy was in effect for the residence under construction at 431 Planters Canal Road and that neither Hero nor its agents ever requested such coverage. They were not offered to explain, alter, or amend any of the policy language. In any event, Hero relies on that same type of evidence throughout its appellant brief, as well as its opposition below. Clearly, the trial court did not rely on parol evidence in making its judgment.

Hero's argument that it expected or believed that it had insurance coverage does not support a finding of ambiguity. Coverage is determined from the written instrument, not the parties' expectations. *Peterson v. Schimek*, 98-1712, pp. 4-5 (La. 3/2/99), 729 So.2d 1024, 1028-29. There was no mutual misunderstanding which mandated reformation of the contract. That Hero may not have known that another type of policy was required does not mean there is coverage under this policy, it only supports an action against Hero's broker. As such, there is no ambiguity in the insurance contract.

"The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion." *Campbell v. Tork, Inc.*, 2003-1341, p. 4 (La. 2/20/04), 870 So.2d 968, 971; *Bd. of Supervisors of Louisiana State Univ. & Agr. and Mech. Coll. v. 1732 Canal Street, L.L.C.*, 2012-1370, p.4 (La. App. 4 Cir. 6/19/13), 159 So.3d 470, 473. All of the issues raised in this appeal were also raised by Hero in its motion for new trial; Hero asks the court to take a different view of the factual evidence, the deposition testimony, and its reading of the policy. Hero does not demonstrate that the trial court abused its discretion in any way. Accordingly, there was no abuse of discretion in the court's refusing to grant Hero a new trial.

Based on the above and foregoing reasons, the trial court judgment granting of summary judgment in favor of the Brit UW defendants and against the Hero plaintiffs is affirmed.

**AFFIRMED**