| MARGARET CRAIN AND DAVID CRAIN | * | NO. 2023-CA-0413 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, ORLEANS SHORING, LLC AND DEREK J. HOBBS | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-01280, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge Tiffany Gautier Chase)
**BROWN, J. CONCURS IN THE RESULT.**
**CHASE, J. CONCURS IN THE RESULT.**

Christian A. Shofstahl
SHOFSTAHL LAW FIRM, LLC
1555 Girod Street
Mandeville, LA 70448

Christopher P. Lawler
PIACUN LAW
1340 Poydras Street
Suite 2100
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/APPELLEE

Craig J. Canizaro
Andre' Collins Gaudin
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001

      COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**NOVEMBER 21, 2023**

RLB

Defendants in this case seek reversal of a partial summary judgment holding that a car crash in February, 2017 was the medical cause of plaintiff's shoulder injury. Defendants argue that the trial court had previously denied a partial motion for summary judgment that asked the court to find that the crash caused plaintiff's neck and shoulder injuries. The motion for summary judgment that is the subject of this appeal only seeks summary judgment regarding the shoulder injury and is therefore distinguishable from the earlier motion. For the reasons that follow, we affirm the trial court's decision.

***Fact summary.***

Margaret Crain ("Crain") filed suit in February 2018 seeking compensation for injuries she alleges that she suffered in a car crash on February 18, 2017. The injuries that are the subject of discussion in this appeal affect Crain's neck and shoulder. Crain was also involved in wrecks in 2013 and 2015. After the 2013 wreck, a chiropractor treated her for neck pain. She testified in deposition that the neck pain resolved fairly quickly. She filed a lawsuit regarding the 2013 neck injury and the suit settled without trial.

1

Crain also went to a chiropractor for treatment of neck pain after this (2017) wreck. After 3 to 4 months of treatment, she found it necessary to see a neurosurgeon. The neurosurgeon observed pathological reflexes during Crain's office visit and ordered a magnetic resonance image ("MRI") as a diagnostic tool. The MRI revealed spinal stenosis (narrowing of the spine), myelopathy (compression of the spinal cord), and bruising of the spinal cord. The doctor performed a discectomy and fusion at C5-6 and C6-7 on August 26, 2017.

In December 2017, Crain told a physician's assistant that she was having pain in her right shoulder. It was her first specific mention of the right shoulder pain.[1] She had complained of extensive upper body pain prior to her neck surgery. Crain's medical records with Cavanaugh & Raiford Chiropractic noted that her right shoulder was "high" upon examination at the time of her initial visit. Her chiropractor testified that this was an involuntary indication of right shoulder pain. Crain had arthroscopic surgery on the shoulder on July 12, 2018. Dr. Herbert Reiss Plauché, M.D., is a board-certified orthopedic surgeon who performed arthroscopic surgery on Crain's right shoulder. He testified in deposition that Crain's shoulder injury was more probably than not caused by the February 2017 automobile collision.

Against the opinion of plaintiff's treating doctors, defendants argue that the amount of time that passed between the car wreck and the report of shoulder pain renders Crain's claim less than credible. However, defendants introduced no medical evidence to controvert the opinions of Crain's treating physicians.

---

[1] After her 2013 car wreck, Crain was treated for pain in her left shoulder. This case involves only the right shoulder.

Dr. Everett Robert,[2] defendants' expert doctor, executed an affidavit that defendants submitted as an exhibit to their opposition to the motion for summary judgment. The opinion solely addressed the surgery to Crain's cervical spine. He did not give any opinion regarding Crain's shoulder pain.

***Law and analysis.***

On this motion for summary judgment, our review is *de novo*, using the same criteria as the trial judge is bound to use in determining whether summary judgment is appropriate, in the light most favorable to the nonmoving party. *Cutrone* v. *English Turn Property Owners Association, Inc.,* 2019-0896, p. 8 (La. App. 4 Cir. 3/4/20), 293 So.3d 1209, 1215.

*Law of the case doctrine.*

Defendants' primary argument is that the law of the case doctrine precludes this partial summary judgment. As noted above, Crain had already filed a motion for summary judgment asking the trial court to rule that the 2017 wreck was the medical cause of Crain's neck *and* shoulder injuries. The trial court denied that motion. Crain applied to this court for a supervisory writ to overturn that judgment. The writ was denied.[3]

Defendants contend that this motion for summary judgment seeks the same relief based on the same evidence. Defendants argue that the law of the case rule applies as defined by our court in *Myers v. Nat'l Union Fire Ins. Co. of Louisiana, 2011-0751 (La. App. 4 Cir. 4/4/12)*

---

[2] Dr. Robert is a neurosurgeon who is board-certified by the American Board of Neurological Surgery.

[3] *Crain v. National Liability and Fire Ins. Co., et al.* Case No. 2022-C-0492 (La. App. 4 Cir. 7/25/2022).

(La. App. 4 Cir. 4/4/12) 90 So.3d 522, 526. Crain replies that law of the case is merely suggestive, not dispositive of her motion. She cites *Serou* v. *Touro Infirmary*, 2015-0747 (La. App. 4 Cir. 4/13/16), 191 So.3d 1090, 1095 in support of her argument.

Law of the case is not as tight a doctrine as defendants argue. This court defined law of the case as:

> (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate court rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. *Armstrong Airport Concessions v. K-Squared Rest., LLC,* 2015-0375, p. 7 (La. App. 4 Cir. 10/28/15), 178 So. 3d 1094, 1100.

In *Armstrong*,[4] the court also wrote that, "Applying the 'law of the case' doctrine to supervisory writs decisions is discretionary." In *Serou*,[5] the court held that a second motion for summary judgment is permissible because denial of a motion for summary judgment is interlocutory in nature, and therefore, not a final judgment. *Serou* is particularly helpful because it was also a case in which summary judgment was denied by the trial court and writs were refused. The *Serou* court ultimately granted the motion for summary judgment when it was re-urged. This court affirmed the trial court in that case.

Crain argues that law of the case should not apply in any event because the two motions are not identical. According to Crain, the case is in a different posture now than it was months earlier. All discovery is now complete and all experts have been identified and issued their reports. Crain correctly observes that there is no expert testimony contrary to the treating physicians' testimony and no fact witness that would tend to prove that Crain is untruthful in claiming that her 2013

---

[4] *Id*. at p. 1100.
[5] *Serou* at 191 So. 3d 1090, 1095.

shoulder injury was completely resolved before the 2017 car crash. Crain also points out that the earlier motion for summary judgment sought a holding on both the neck and shoulder injury. The current motion only relates to the shoulder injury. Crain writes that this is significant because Dr. Robert contradicted the opinions of Crain's treating physicians.

We conclude that the law of the case doctrine does not preclude re-examination of the facts and legal arguments of this motion for summary judgment.

*Housley presumption.*

In *Housley* v. *Cerise,* 579 So.2d 973, 980 (La. 1991), the court set forth the rule that an injury which manifests after an event and was not present before the event is presumed to be caused by the event. In this case, Crain argues that her shoulder was healthy before the wreck and caused her pain after the wreck. Although ten months passed before she recognized that the pain was separate from the pain caused by her neck injury, she argues that she is entitled to the presumption. Crain argues that she had no complaints of right shoulder injury prior to the 2017 wreck. She argues further (with the support of her treating physicians) that the neck injury was so severe and painful that it "masked" the shoulder injury for months. The masking, she argues, prevented her from detecting the shoulder injury for the first ten months after the wreck.

Defendants argue that there is sufficient evidence for a finder of fact to reasonably infer that the shoulder injury was the result of some intervening cause. Defendants point to the testimony of Dr. Riess Plauché to support the intervening cause argument. He opined, in deposition, that an event as minor as "pulling a lawn mower handle" could cause the chronic issues he observed in Crain's right

5

shoulder to become symptomatic. It is important to note that Crain suffered a torn rotator cuff. Plauché's testimony, in context, was that a torn rotator cuff that was asymptomatic might later exhibit symptoms as a result of some seemingly minor event. He did not testify that pulling a lawn mower handle could have torn the rotator cuff.

In order for defendants to prevail on the intervening cause argument, a jury would need to believe that: (a) Crain had a torn rotator cuff before the accident; (b) that the tear caused no symptoms for ten months after the accident; and (c) that something unrelated to the accident happened that made the tear painful in December 2017. The jury would also need to conclude that Dr. Plauché was incorrect in his opinion that the shoulder injury was more likely than not caused by the car wreck that is the subject of this suit. Defendants presented no evidence to the trial court that would support these suppositions. Because discovery is complete, there is no basis upon which a jury could reach the conclusion that there was such an intervening cause.

***Conclusion.***

We find no error in the judgment of the trial court. For this reason, as more fully detailed above, we affirm the trial court's judgment.

**AFFIRMED.**

6